IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ANTONIO SOLIS, JOSE SOLIS, AND JUAN RANGEL, | ) ) | Docket Number: | 20 C 2348 |
| Plaintiffs, | ) ) | District Judge: | The Honorable Martha Pacold |
| v. | ) ) | Magistrate Judge: | The Honorable Sunil Harjani |
| HILCO REDEVELOPMENT L.L.C., ET. AL., Defendants. | ) ) ) ) | | |

**PUTATIVE CLASS MEMBERS' OBJECTIONS TO PLAINTIFFS' PROPOSED CLASS REPRESENTATIVE AND PROPOSED CLASS COUNSEL**

Putative class member Maria Pérez, by her counsel, Paúl Camarena, on behalf of herself and all others similarly situated, respectfully objects to Plaintiffs' proposal that Juan Rangel serve as a class representative and to Plaintiffs' proposed class counsel team. Maria Pérez, in support of her objection, states as follows:

### Introduction.

According to the Plaintiffs' Complaint, "Little Village is a neighborhood on Chicago's southwest side ... and is home to the largest Mexican and Mexican-American communities in the Midwest." (DE 13 (First Amended Complaint), p. 6, ¶ 23.) "On the morning of April 11, the Defendants toppled the smokestack at the Crawford Coal Plant [and i]mmediately after the smokestack fell, a toxic plume enveloped the Little Village community." (DE 13, p. 10, ¶¶ 48 & 49.) "The Defendants' toxic plume consumed the Little Village neighborhood without warning, settling in the lungs, on the bodies, and across the property of the Little Village community." (DE 13, p. 2, ¶ 2.)

The Plaintiffs propose that they represent a class consisting of "[a]ll persons present in the area containing particulate matter from the toxic plume," that Juan Rangel serve as a class

representative, and that 10 attorneys from the law firm of Loevy & Loevy serve as class counsel. (DE 13, p. 16, ¶ 74 and p. 28, ¶ 137.) However, Maria Pérez respectfully objects that the plaintiff proposed class representative Juan Rangel cannot adequately protect the interests of the class. Maria Pérez further objects that the current Loevy & Loevy team lacks the ability to adequately represent the class.

### Class Representative Juan Rangel.

Federal Rule of Civil Procedure Rule 23(a) states that "members of a class may sue or be sued as representative parties on behalf of all members only if ... the representative parties will fairly and adequately protect the interests of the class." Juan Rangel cannot adequately protect the interests of the class because any competent opposing counsel would exploit Mr. Rangel's prior fraud and cause the jury to doubt Rangel's (and the class's) current factual assertions. More specifically, pursuant to Fed.R.Evid. 608(b)(2), during trial, Hilco's counsel would be able to expose the case of *S.E.C. v. Juan Rafael Rangel*, 16-6391 (N.Dist.Il.), where the United States government charged Rangel with organizing a $ 38,000,000 securities fraud. *Id*., DE 1, p. 1, ¶ 1 & p. 11, ¶ 36 ("This case involves violations of the anti-fraud provisions of the federal securities laws by Juan Rafael Rangel," who "obtained money and property by means of untrue statements of material fact").

Even in the case at bar, Rangel makes factual assertions that a jury would doubt. In the Amended Complaint, p. 4, ¶ 12, Rangel asserts that, on the day that Defendants toppled the smokestack, he was "visiting his brother who had fallen ill with coronavirus," even though C.D.C. Guidelines prohibit people who are ill with coronavirus from receiving visitors. Rangel continues and asserts that he "returned to his home in Little Village and saw that the remnants of the dust cloud coated his entire block," even though the dust cloud did not coat other blocks that

were even closer to the smokestack site. In sum, Rangel's prior fraud and his current incredible claims would prejudice the entire class's claims and, thus, Rangel could hardly be a less adequate class representative and the Court should reject him as such.

### The Current Class Counsel Team.

F.R.C.P. 23(g)(1)(B) states that, "[i]n appointing class counsel, the court may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." The Amended Complaint, p. 6, ¶ 23, correctly notes that "Little Village is a neighborhood on Chicago's southwest side ... and is home to the largest Mexican and Mexican-American communities in the Midwest." Hence, Little Village residents overwhelmingly speak only Spanish. However, the Loevy & Loevy lead counsel does not speak Spanish and possibly the entire current Loevy & Loevy team lacks any native Spanish speakers. Maria Pérez has raised these concerns to Loevy & Loevy, but the law firm ignored her concerns. Therefore, Maria Pérez respectfully objects that the current Loevy & Loevy team lacks the ability to adequately represent the interests of her class.

       Respectfully submitted,
       Maria Pérez's Counsel
       North & Sedgwick
by:   */s/ Paúl Camarena*    .
       Paúl Camarena, Esq.
       500 So. Clinton, No. 132
       Chicago, IL 60607
       (312) 493-7494
       paulcamarena@paulcamarena.com