IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| *ANTONIO SOLIS, JOSE SOLIS, AND JUAN RANGEL*, | ) ) ) | Docket Number: | 20 C 2348 |
| *Plaintiffs*, | ) ) | District Judge: | The Honorable Martha Pacold |
| *v.* | ) ) | Magistrate Judge: | The Honorable Sunil Harjani |
| *HILCO REDEVELOPMENT L.L.C.*, *ET. AL.*, | ) ) ) | | |
| *Defendants.* | ) | | |

**PUTATIVE CLASS MEMBERS' REPLY TO
PROPOSED CLASS COUNSEL'S RESPONSE TO
PUTATIVE CLASS MEMBERS' OBJECTIONS**

Putative class member Maria Pérez, by her counsel, Paúl Camarena, respectfully replies to Loevy & Loevy's Response as follows:

Contrary to Loevy & Loevy's Response assertions, Maria Pérez's Objection does not contain any false or misleading statements. By contrast, Loevy & Loevy's Response contains numerous false and misleading statements. For example, Loevy & Loevy suggests that Objector's counsel contacted Loevy & Loevy "seeking money[1]." In fact, Objector's counsel specifically wrote to Loevy & Loevy that he is "not, nor would [he] ever, seek any compensation with respect to this class action" and that he "grew up in Little Village, and [he] care[s] deeply about the community." In addition, Loevy & Loevy asserts that Attorney Camarena's "correspondence does not say that Attorney Camarena is representing any putative class member[2]." In fact, Attorney Camarena specifically wrote to Loevy & Loevy that "putative class members have expressed to [Attorney Camarena] their objection." Loevy & Loevy's patently false and misleading statements should further weigh against a Court determination that Loevy &

---

1  D.E. 15 (Response), p. 2.
2  D.E. 15 (Response), p. 3.

Loevy will fairly and adequately represent the interests of the class. Federal Rule of Civil Procedure 23(g)(1)(B). While Loevy & Loevy counsel are certainly experienced and competent, the class needs counsel who are also honest and candid.

Just as importantly, Loevy fails to adequately address Maria Pérez's substantive objections. For example, Loevy asserts that "the S.E.C.'s past accusation of fraud against Mr. Rangel ... would plainly be inadmissible in this lawsuit," because "Rangel has never been charged or convicted of any fraud [and c]ivil claims filed by the SEC in 2016 regarding a bond offering were settled for $10,000 without any admission of guilt[3]." Loevy has significant trial experience and, thus, seems to have intentionally ignored Fed.R.Crim.Pro. 608(b)(2), which makes admissible a witness's prior frauds regardless of whether the witness was ever criminally charged, was ever convicted, or ever admitted guilt. Loevy also fails to even address Maria Pérez's objection to Rangel's incredible claim that, on April 11, he was "visiting his brother who had fallen ill with coronavirus," even though the Governor's executive order would have prohibited Rangel from leaving his home for such a visit and C.D.C. Guidelines would have prohibited this allegedly ill brother from receiving such a visit. Loevy further fails to even address Maria Pérez's objection to Rangel's claim that he "returned to his home in Little Village and saw that the remnants of the dust cloud coated his entire block." Maria Pérez's objects because, while the dust cloud did cover some blocks near the smokestack site, the dust cloud dissipated as it traveled throughout Little Village. Hence, in point of fact, the dust cloud did not entirely coat other blocks that were even closer to the the smokestack site than Rangel's block. Therefore, a jury could reasonably conclude that Rangel's claims are false and that he became class representative only because, unlike other class members, he was willing to misrepresent damages. Such a jury conclusion would prejudice the entire class and, thus, this Court should

---

3  D.E. 15 (Response), p. 7.

find that Rangel cannot "adequately protect the interests of the class." Rule 23(a)(4).

        Respectfully submitted,
        Maria Pérez's Counsel
        North & Sedgwick
by:    */s/ Paúl Camarena*  .
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        (312) 493-7494
        paulcamarena@paulcamarena.com
        (312) 493-7494