IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO SOLIS, JOSE SOLIS, and JUAN RANGEL, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20 CV 2348 |
| v. | ) ) | Hon. Martha M. Pacold, District Judge |
| HILCO REDEVELOPMENT LLC, HRE CRAWFORD LLC, HRP EXCHANGE 55 LLC, MCM MANAGEMENT CORP., CONTROLLED DEMOLITION, INC., and MARINE TECHNOLOGY SOLUTIONS LLC, | ) ) ) ) ) ) ) ) | Hon. Sunil R. Harjani, Magistrate Judge |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL MARINE TECHNOLOGY SOLUTIONS LLC TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Plaintiffs Antonio Solis, Jose Solis, and Juan Rangel move pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv) for an order compelling Defendant Marine Technology Solutions LLC ("MTS") to provide its overdue response to Plaintiffs' First Request for Production and make a full and complete production within 14 days, stating in support as follows:

1. Plaintiffs in this case allege that the Defendants conducted an unnecessary and unsafe demolition of a smokestack on the site of a former coal plant on Easter weekend in the middle of the COVID-19 pandemic, spewing potentially toxic dust throughout the Little Village neighborhood.

2. In moving to dismiss Plaintiffs' claims, MTS asserted that "MTS provided a proposed method to demolish the smoke stack at the Crawford site," but another contractor on the job "rejected that plan for whatever reason and retained Defendant Controlled Demolitions, Inc. (CDI) to plan and execute the demolition." Dkt. 84 ¶ 2.

3. In response to MTS' assertion that it proposed a plan that another contractor rejected, Plaintiffs served a single Request for Production on MTS on September 11, 2020, asking for "all Documents and Communications relating to Marine Technology Solutions' proposed method to demolish the smoke stack at the Crawford site." Ex. 1 (First Set of Requests for Production to MTS).[1]

4. On September 23, 2020, MTS provided the parties with a document that it described as "the proposal for stack removal prepared by MTS prepared September 29, 2019," further explaining that the "proposal was not accepted by MCM and MTS was not involved with the actual implosion which is the subject of this case." Ex. 2 (email string between Plaintiffs' counsel and MTS's counsel).

5. Plaintiffs' Request for Production asked for all documents and communications relating to MTS' proposed plan, not just a final presentation that MTS prepared and provided to the other Defendants. Thus, MTS' September 23, 2020 production was not complete.

6. Moreover, although its response to Plaintiffs' Request for Production was due on October 12, 2020, MTS has not provided a written response to Plaintiffs' Request or produced any documents other than the presentation that it produced on September 23. *See* Fed. R. Civ. P. 34.

7. Plaintiffs have now sent two emails and left a voicemail more than a week ago asking for MTS's response to the Request for Production. Ex. 3 (emails to counsel for MTS). MTS has not responded to those emails or returned the voicemail.

8. Given MTS' unresponsiveness, Plaintiffs were unable to have a telephonic meet and confer with MTS and were instead left with no choice other than moving to compel. *See,*

---

[1] The parties held a Rule 26 planning conference in August 2020. *See* Dkt. 88 at 4.

*e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 356 (N.D. Ill. 2005) ("The doctrine of futility is as applicable in the context of Rule 37 and Local Rule 37.2 as it is in any other.") (footnote omitted).

9. In short, MTS' response to Plaintiffs' First Set of Requests for Production is overdue, and Plaintiffs have been unable to secure a response without Court intervention. Therefore, Plaintiffs respectfully request that the Court order MTS to make a full and complete production of responsive documents within 14 days, which is a longer period than other courts have permitted when parties have failed to respond to discovery requests on a timely basis. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006) (ordering production of documents within 7 days after untimely responses to request for production). The Court should also hold that MTS has waived any objections it may have had to the Request for Production. *See id*. at 398 ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted.").

WHEREFORE, Plaintiffs respectfully request that the Court grant their motion to compel and order MTS to provide a full and complete response to Plaintiffs' First Set of Requests for Production within 14 days.

RESPECTFULLY SUBMITTED BY,

/s/ Scott Rauscher
Scott Rauscher
One of Plaintiffs' Attorneys

Jon Loevy
Michael Kanovitz
Steve Art
Scott Rauscher
Julie Goodwin
Danielle Hamilton

3

                      Renee Spence
                      John Hazinski
                      LOEVY & LOEVY
                      311 N. Aberdeen, 3rd Floor
                      Chicago, Illinois 60607
                      (312) 243-5900
                      scott@loevy.com