**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO SOLIS, JOSE SOLIS, and JUAN RANGEL, individually and on behalf of all others similarly situated, | **)**<br>**)**<br>**)**<br>**)** | |
| Plaintiffs, | **)**<br>**)** | Case No. 20 C 2348 |
| v. | **)**<br>**)** | Hon. Martha M. Pacold,<br>District Judge |
| HILCO REDEVELOPMENT LLC, HRE CRAWFORD LLC, HRP EXCHANGE 55 LLC, MCM MANAGEMENT CORP., CONTROLLED DEMOLITION, INC., and MARINE TECHNOLOGY SOLUTIONS LLC, | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** | Hon. Sunil R. Harjani,<br>Magistrate Judge |
| Defendants. | **)**<br>**)** | |

# Exhibit B

**First Amended Complaint in
*Ramirez-Mercado v. HRE Crawford, LLC et al.*,
No. 2020 L 4286 (Cook County Cir. Ct.)**

FILED
8/21/2020 2:50 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L004286

10191892

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

KATHRYN RAMIREZ-MERCADO,    )
    )
    Plaintiff,    )
    )
v.    )    No.: 2020 L 004286
    )
HRE CRAWFORD, LLC,    )
HILCO REDEVELOPMENT, LLC,    )
MCM MANAGEMENT CORP.,    )
HRP EXCHANGE 55, LLC and    )
CONTROLLED DEMOLITION, INC.    )
    )
    )
    Defendants.    )

## FIRST AMENDED COMPLAINT AT LAW

Plaintiff, KATHRYN RAMIREZ-MERCADO, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complains of Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC and CONTROLLED DEMOLITION, INC. as follows:

### PARTIES

1.    HRE CRAWFORD, LLC, is a limited liability company that owns the property located at 3501 S. Pulaski Road with its principal place of business located at 5 Revere Drive, Suite 206, Northbrook, County of Cook, State of Illinois.

2.    HILCO REDEVELOPMENT, LLC, is a company that is in the business of redeveloping industrial projects with its principal place of business located at 5 Revere Drive, Suite 206, Northbrook, County of Cook, State of Illinois.

FILED DATE: 8/21/2020 2:50 PM  2020L004286

FILED DATE: 8/21/2020 2:50 PM    2020L004286

3.      MCM MANAGEMENT CORP. is a company in the business of construction demolition projects with its registered agent located at 208 S. LaSalle Street, Suite 814, City of Chicago, County of Cook, State of Illinois.

4.      HRP EXCHANGE 55, LLC is a limited liability company with an ownership interest in the property located at 3501 S. Pulaski Road with its principal place of business located at 5 Revere Drive, Suite 206, Northbrook, County of Cook, State of Illinois.

5.      CONTROLLED DEMOLITION, INC. is a company in the business of construction demolition projects with its principal place of business located at 13401 Still Haven Court, Phoenix, Maryland 21131.

6.      KATHRYN RAMIREZ-MERCADO is a resident of the City of Chicago and lives within the Little Village neighborhood.

## JURISTICTION AND VENUE

7.      Venue in this Court is proper because all relevant acts giving rise to this cause of action occurred and are occurring within Cook County, Illinois, where all parties have principal places of business and operation.

## FACTUAL ALLEGATIONS

8.      The Crawford Power Generating Station was a coal-fired power plant built in 1924. The Crawford Power Generating Station was located at 3501 S. Pulaski Road in the Southland Community between the Little Village neighborhood and the Chicago Sanitary and Ship Canal, in the City of Chicago, State of Illinois.

9.      The Crawford Power Generating Station was designed with a certain smokestack previously utilized to release air pollutants into the atmosphere.

FILED DATE: 8/21/2020 2:50 PM 2020L004286

10. Based on information and belief, the smokestack located at the Crawford Power Generating Station was specified and built utilizing asbestos insulation.

11. In 2012, Crawford Power Generating Station was decommissioned.

12. On December 29, 2017, Defendant, HRE CRAWFORD, LLC, purchased the property located at 3501 S. Pulaski Road, in the City of Chicago, State of Illinois.

13. Upon information and belief, prior to June 2018, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC and CONTROLLED DEMOLITION, INC., contracted to and/or entered into a joint venture for the purpose of demolition and redevelopment of the Former Crawford Station located at 3501 S. Pulaski Road, City of Chicago, Illinois (hereinafter the "property").

14. In June 2018, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC and HRP EXCHANGE 55, LLC, sought to redevelop the property into a one (1) million square foot warehouse and distribution center to be called Exchange 55.

15. Upon information and belief, Defendant, HILCO DEVELOPMENT, LLC, an affiliate of Defendant, HRE CRAWFORD, LLC, hired Defendant, MCM MANAGEMENT CORP., as a general contractor for remediation and demolition of the property.

16. Upon information and belief, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC, hired Defendant, CONTROLLED DEMOTION, INC., to implode the smokestack on the property.

17. In July of 2018, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC. and HRP EXCHANGE 55, LLC, enrolled the Former Crawford Station in the Illinois EPA's Site Remediation Program.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

18.    In July of 2018, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC and CONTROLLED DEMOLITION, INC., identified several contaminants, including polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos on the property.  Upon information and belief, all of the contaminants are known cancer-causing agents.

19.    On November 20, 2019, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC and CONTROLLED DEMOLITION, INC., were issued a foundation-service building permit for the property.

20.    On March 30, 2020, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC and CONTROLLED DEMOLITION, INC., were issued an implosion permit to demolish the concrete smokestack on the property.

21.    On April 9, 2020, Defendants, HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC and CONTROLLED DEMOLITION, INC., issued a demolition alert for Saturday, April 11, 2020, at 8:00 a.m.

22.    On April 11, 2020, at approximately 8:00 a.m., Defendants HRE CRAWFORD, LLC, HILCO REDEVELOPMENT, LLC, MCM MANAGEMENT CORP., HRP EXCHANGE 55, LLC and CONTROLLED DEMOLITION, INC., demolished and/or imploded the concrete smokestack on the property.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

23.     As a result of the implosion of the concrete smokestack, a cloud and/or plume of dust and particulate matter covered the Little Village neighborhood.

24.     The cloud and/or plume quickly and heavily dispersed through the community and likely included particulate matter containing polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos.

25.     Immediately thereafter, Little Village residents reported difficulty breathing while their homes, cars and public ways, including trees, were covered in the contaminated soot.[1]  Upon information and belief, this contaminated soot contained toxic debris and carcinogenic particulate matter.

26.     On April 11, 2020, Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

27.     On April 11, 2020, immediately after the demolition and/or implosion, Plaintiff's entire property was covered with the contaminated soot, dust and particulate matter, and Plaintiff was engulfed, came into contact with and inhaled the soot, dust and particulate matter.

28.     On April 11, 2020, Plaintiff, KATHRYN RAMIREZ-MERCADO, began having and continues to have respiratory distress, difficulty breathing, wheezing, shortness of breath and tightness in her chest and aggravation of an underlying respiratory condition.

29.     On April 11, 2020, immediately after the demolition and/or implosion, Plaintiff, KATHRYN RAMIREZ-MERCADO, experienced immediate apprehension of physical harm.

**COUNT I – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - HRE CRAWFORD, LLC**

---

[1] https://blockclubchicago.org/2020/04/12/extremely-angry-lightfoot-blames-developer-for-massive-little-village-dust-cloud-alderman-apologizes/ (accessed on 4/14/2020).

FILED DATE: 8/21/2020 2:50 PM    2020L004286

30.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count I.

31.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 Block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

32.     On April 11, 2020, Plaintiff's entire property was covered with the contaminated soot, dust and particulate matter, and Plaintiff was engulfed, came into contact with and inhaled the soot, dust and particulate matter and began having and continues to have respiratory distress, difficulty breathing, wheezing, shortness of breath and tightness in her chest and aggravation of an underlying respiratory condition.

33.     On April 11, 2020, at approximately 8:00 a.m. and continuing, Plaintiff, KATHRYN RAMIREZ-MERCADO, immediately feared for her well-being, her safety and that the cloud and/or plume of dust would contact/enter her body.

34.     On and before April 11, 2020, Defendant, HRE CRAWFORD, LLC, owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

35.     On April 11, 2020, Defendant, HRE CRAWFORD, LLC, by and through its agents and/or employees, was negligent in one or more of the following ways:

      a)     Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

      b)     Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

FILED DATE: 8/21/2020 2:50 PM   2020L004286

    c)      Improperly controlled the spread of dust cloud/plume and particulate matter;

36.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant HRE CRAWFORD, LLC, Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home causing her to sustain emotional distress.

37.    WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HRE CRAWFORD, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - HILCO REDEVELOPMENT, LLC

38.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count II.

39.    On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

40.    On April 11, 2020, Plaintiff's entire property was covered with the contaminated soot, dust and particulate matter, and Plaintiff was engulfed, came into contact with and inhaled the soot, dust and particulate matter and began having and continues to have respiratory distress, difficulty breathing, wheezing, shortness of breath and tightness in her chest and aggravation of an underlying respiratory condition.

41.    On April 11, 2020, at approximately 8:00 a.m. and continuing, Plaintiff, KATHRYN RAMIREZ-MERCADO, immediately feared for her well-being, her safety and that the cloud and/or plume of dust of harmful carcinogens would contact/enter her body.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

42. On and before April 11, 2020, Defendant, HILCO REDEVELOPMENT, LLC, owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

43. On April 11, 2020, Defendant, HILCO REDEVELOPMENT, LLC, by and through its agents and/or employees, was negligent in one or more of the following ways:

    a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

    b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

    c) Improperly controlled the spread of dust cloud/plume and particulate matter;

44. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant HILCO REDEVELOPMENT, LLC, Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home causing her to sustain emotional distress.

45. WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HILCO REDEVELOPMENT, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - MCM MANAGEMENT CORP.

46. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count III.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

47.    On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

48.    On April 11, 2020, Plaintiff's entire property was covered with the contaminated soot, dust and particulate matter, and Plaintiff was engulfed, came into contact with and inhaled the soot, dust and particulate matter and began having and continues to have respiratory distress, difficulty breathing, wheezing, shortness of breath and tightness in her chest and aggravation of an underlying respiratory condition.

49.    On April 11, 2020, at approximately 8:00 a.m. and continuing, Plaintiff, KATHRYN RAMIREZ-MERCADO, immediately feared for her well-being, her safety and that the cloud and/or plume of dust of harmful carcinogens would contact/enter her body.

50.    On and before April 11, 2020, Defendant, MCM MANAGEMENT CORP., owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

51.    On April 11, 2020, Defendant, MCM MANAGEMENT CORP., by and through its agents and/or employees, was negligent in one or more of the following ways:

   a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

   b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

   c) Improperly controlled the spread of dust cloud/plume and particulate matter;

FILED DATE: 8/21/2020 2:50 PM    2020L004286

52.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant MCM MANAGEMENT CORP., Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home causing her to sustain emotional distress.

53.     WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, MCM MANAGEMENT CORP., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - HRP EXCHANGE 55, LLC

54.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count IV.

55.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 Block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

56.     On April 11, 2020, Plaintiff's entire property was covered with the contaminated soot, dust and particulate matter, and Plaintiff was engulfed, came into contact with and inhaled the soot, dust and particulate matter and began having and continues to have respiratory distress, difficulty breathing, wheezing, shortness of breath and tightness in her chest and aggravation of an underlying respiratory condition.

57.     On April 11, 2020, at approximately 8:00 a.m. and continuing, Plaintiff, KATHRYN RAMIREZ-MERCADO, immediately feared for her well-being, her safety and that the cloud and/or plume of dust of harmful carcinogens would contact/enter her body.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

58.     On and before April 11, 2020, Defendant, HRP EXCHANGE 55, LLC, owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

59.     On April 11, 2020, Defendant, HRP EXCHANGE 55, LLC, by and through its agents and/or employees, was negligent in one or more of the following ways:

a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

c) Improperly controlled the spread of dust cloud/plume and particulate matter;

60.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant HRP EXCHANGE 55, LLC, Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home causing her to sustain emotional distress..

61.     WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HRP EXCHANGE 55, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – CONTROLLED DEMOLITION, INC.

62.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count V.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

63.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 Block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

64.     On April 11, 2020, Plaintiff's entire property was covered with the contaminated soot, dust and particulate matter, and Plaintiff was engulfed, came into contact with and inhaled the soot, dust and particulate matter and began having and continues to have respiratory distress, difficulty breathing, wheezing, shortness of breath and tightness in her chest and aggravation of an underlying respiratory condition.

65.     On April 11, 2020, at approximately 8:00 a.m. and continuing, Plaintiff, KATHRYN RAMIREZ-MERCADO, immediately feared for her well-being, her safety and that the cloud and/or plume of dust of harmful carcinogens would contact/enter her body.

66.     On and before April 11, 2020, Defendant, CONTROLLED DEMOLITION, INC., owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

67.     On April 11, 2020, Defendant, CONTROLLED DEMOLITION, INC., by and through its agents and/or employees, was negligent in one or more of the following ways:

> a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;
>
> b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;
>
> c) Improperly controlled the spread of dust cloud/plume and particulate matter;

FILED DATE: 8/21/2020 2:50 PM    2020L004286

68.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant CONTROLLED DEMOLITION, INC., Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home causing her to sustain emotional distress..

69.     WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, CONTROLLED DEMOLITION, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VI – NEGLIGENCE - HRE CRAWFORD, LLC

70.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count VI.

71.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

72.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and came into contact and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home.

73.     On and before April 11, 2020, Defendant, HRE CRAWFORD, LLC, owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

74.     On April 11, 2020, Defendant, HRE CRAWFORD, LLC, by and through its agents and/or employees, was negligent in one or more of the following ways:

a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

13

FILED DATE: 8/21/2020 2:50 PM    2020L004286

b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

c) Improperly controlled the spread of dust cloud/plume and particulate matter;

75.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant HRE CRAWFORD, LLC, Plaintiff, KATHRYN RAMIREZ-MERCADO, suffered an injury of a personal and pecuniary nature.

76.     WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HRE CRAWFORD, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VII – NEGLIGENCE - HILCO REDEVELOPMENT, LLC

77.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count VII.

78.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

79.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and came into contact and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home.

80.     On and before April 11, 2020, Defendant, HILCO REDEVELOPMENT, LLC, owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

FILED DATE: 8/21/2020 2:50 PM     2020L004286

81.     On April 11, 2020, Defendant, HILCO REDEVELOPMENT, LLC, by and through its agents and/or employees, was negligent in one or more of the following ways:

      a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

      b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

      c) Improperly controlled the spread of dust cloud/plume and particulate matter;

82.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant HILCO REDEVELOPMENT, LLC, Plaintiff, KATHRYN RAMIREZ-MERCADO, suffered an injury of a personal and pecuniary nature.

83.     WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HILCO REDEVELOPMENT, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VIII – NEGLIGENCE - MCM MANAGEMENT CORP.

84.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count VIII.

85.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

86.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and came into contact and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

87.     On and before April 11, 2020, Defendant, MCM MANAGEMENT CORP., owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

88.     On April 11, 2020, Defendant, MCM MANAGEMENT CORP., by and through its agents and/or employees, was negligent in one or more of the following ways:

a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

c) Improperly controlled the spread of dust cloud/plume and particulate matter;

89.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant MCM MANAGEMENT CORP., Plaintiff, KATHRYN RAMIREZ-MERCADO, suffered an injury of a personal and pecuniary nature.

90.     WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, MCM MANAGEMENT CORP., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT IX – NEGLIGENCE - HRP EXCHANGE 55, LLC

91.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count IX.

92.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

93.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and came into contact and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home.

94.     On and before April 11, 2020, Defendant, HRP EXCHANGE 55, LLC, owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

95.     On April 11, 2020, Defendant, HRP EXCHANGE 55, LLC, by and through its agents and/or employees, was negligent in one or more of the following ways:

  a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

  b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

  c) Improperly controlled the spread of dust cloud/plume and particulate matter;

96.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant HRP EXCHANGE 55, LLC, Plaintiff, KATHRYN RAMIREZ-MERCADO, suffered an injury of a personal and pecuniary nature.

97.     WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HRP EXCHANGE 55, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT X – NEGLIGENCE – CONTROLLED DEMOLITION, INC.**

98.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count X.

17

FILED DATE: 8/21/2020 2:50 PM    2020L004286

99.     On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, lived in the 3200 block of Harding Avenue in the Little Village neighborhood approximately 1/2 block from the premises located at 3501 S. Pulaski Road.

100.    On April 11, 2020, at approximately 8:00 a.m., Plaintiff, KATHRYN RAMIREZ-MERCADO, witnessed and came into contact and inhaled the cloud and/or plume of dust and particulate matter as it engulfed her neighborhood and her home.

101.    On and before April 11, 2020, Defendant, CONTROLLED DEMOLITION, INC., owed a duty of reasonable care for the safety of others in the control and management of its demolition of the concrete smokestack on the property.

102.    On April 11, 2020, Defendant, CONTROLLED DEMOLITION, INC., by and through its agents and/or employees, was negligent in one or more of the following ways:

   a) Failed to properly own, operate, manage, maintain, and control the demolition of the concrete smokestack on the property;

   b) Failed to properly remediate the site of the demolition of the concrete smokestack on the property prior to demolition;

   c) Improperly controlled the spread of dust cloud/plume and particulate matter;

103.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant CONTROLLED DEMOLITION, INC., Plaintiff, KATHRYN RAMIREZ-MERCADO, suffered an injury of a personal and pecuniary nature.

104.    WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, CONTROLLED DEMOLITION, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

FILED DATE: 8/21/2020 2:50 PM          2020L004286

## COUNT XI - MEDICAL MONITORING – HRE CRAWFORD, LLC

105.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XI.

106.     Like many residents, the Plaintiff has experienced respiratory distress since the occurrence.

107.     Exposure to polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos can have a latent effect on the lungs, respiratory system and lymph system.

108.     The latent injuries which develop over time and manifest later in life may include, but are not limited to, various cancers including lung cancer and mesothelioma.

109.     Defendant HRE CRAWFORD, LLC was fully aware of the danger of exposing the residents of Little Village, including Plaintiff, to a cloud and/or plume of particulate matter containing polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos.

110.     As a direct and proximate result of Defendant, HRE CRAWFORD, LLC's actions, Plaintiff's current and continued exposure to the contaminated soot has caused Plaintiff to suffer respiratory distress and has increased Plaintiff's future risk of suffering serious medical conditions, including, but not limited to, respiratory disease, various cancers including lung cancer and mesothelioma.

111.     Defendant chose to not provide residents with respiratory protection prior to creating the contaminated explosion in the Plaintiff's neighborhood. This was a choice despite Defendant's knowledge of the risk posed to the community.

FILED DATE: 8/21/2020 2:50 PM   2020L004286

112.    Defendant further chose to proceed with the implosion, despite knowing the risk of releasing noxious particulate matter into the neighborhood, all while in the face of an executive order issued by federal, state and local government, ordering residents to stay in their homes. Little Village residents, including Plaintiff, had no way to escape Defendant's careless acts and omissions.

113.    Moreover, both private and public healthcare resources at this time, during a pandemic, are overburdened. More specifically, Chicago is experiencing increased rates of Covid-19 infections, particularly on the south side of Chicago.[2]

114.    To ensure the diagnosis of medical complications arising from Defendant's acts and omissions, a medical monitoring regime should be implemented by the Defendant.

115.    The medical monitoring regime should include, but is not limited to, baseline tests and diagnostic examinations which will assist in diagnosing the adverse health effects associated with exposure to the contaminated soot. Such a regime with medical interventions will prevent or mitigate various adverse consequences of disorders and diseases associated with the initial sudden exposure to and ingestion of noxious particulate matter and subsequent persistent exposure to the remaining thick soot dispersed throughout the community, including on Plaintiff's home and property, in accordance with consensus best practices.

116.    By monitoring and testing Plaintiff and her family, and possibly others in the neighborhood, the risk that Plaintiff and her family will suffer long-term injuries, disease, and losses without adequate treatment will be significantly reduced.

117.    WHEREFORE, Plaintiff requests that Defendant, HRE CRAWFORD, LLC, be required to establish a medical monitoring program.

---

[2] https://www.chicago.gov/content/dam/city/sites/covid/reports/2020-04-13/COVID-19_Confirmed%20case%20rate%20by%20zipcode%20April%2012.pdf. (Last accessed 4/14/20).

FILED DATE: 8/21/2020 2:50 PM    2020L004286

### COUNT XII - MEDICAL MONITORING – HILCO REDEVELOPMENT, LLC

118.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XII.

119.    Like many residents, the Plaintiff has experienced respiratory distress since the occurrence.

120.    Exposure to polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos can have a latent effect on the lungs, respiratory system and lymph system.

121.    The latent injuries which develop over time and manifest later in life may include, but are not limited to, various cancers including lung cancer and mesothelioma.

122.    Defendant HILCO REDEVELOPMENT, LLC was fully aware of the danger of exposing the residents of Little Village, including Plaintiff, to a cloud and/or plume of particulate matter containing polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos.

123.    As a direct and proximate result of Defendant, HILCO REDEVELOPMENT, LLC's actions, Plaintiff's current and continued exposure to the contaminated soot has caused Plaintiff to suffer respiratory distress and has increased Plaintiff's future risk of suffering serious medical conditions, including, but not limited to, various cancers including lung cancer and mesothelioma.

124.    Defendant chose to not provide residents with respiratory protection prior to creating the contaminated explosion in the Plaintiff's neighborhood. This was a choice despite Defendant's knowledge of the risk posed to the community.

FILED DATE: 8/21/2020 2:50 PM 2020L004286

125.    Defendant further chose to proceed with the implosion, despite knowing the risk of releasing noxious particulate matter into the neighborhood, all while in the face of an executive order issued by federal, state and local government, ordering residents to stay in their homes. Little Village residents, including Plaintiff, had no way to escape Defendant's careless acts and omissions.

126.    Moreover, both private and public healthcare resources at this time, during a pandemic, are overburdened. More specifically, Chicago is experiencing increased rates of Covid-19 infections, particularly on the south side of Chicago.[3]

127.    To ensure the diagnosis of medical complications arising from Defendant's acts and omissions, a medical monitoring regime should be implemented by the Defendant.

128.    The medical monitoring regime should include, but is not limited to, baseline tests and diagnostic examinations which will assist in diagnosing the adverse health effects associated with exposure to the contaminated soot.  Such a regime with medical interventions will prevent or mitigate various adverse consequences of disorders and diseases associated with the initial sudden exposure to and ingestion of noxious particulate matter and subsequent persistent exposure to the remaining thick soot dispersed throughout the community, including on Plaintiff's home and property, in accordance with consensus best practices.

129.    By monitoring and testing Plaintiff and her family, and possibly others in the neighborhood, the risk that Plaintiff and her family will suffer long-term injuries, disease, and losses without adequate treatment will be significantly reduced.

130.    WHEREFORE, Plaintiff requests that Defendant, HILCO REDEVELOPMENT, LLC, be required to establish a medical monitoring program.

---

[3] https://www.chicago.gov/content/dam/city/sites/covid/reports/2020-04-13/COVID-19_Confirmed%20case%20rate%20by%20zipcode%20April%2012.pdf. (Last accessed 4/14/20).

FILED DATE: 8/21/2020 2:50 PM    2020L004286

## COUNT XIII - MEDICAL MONITORING – MCM MANAGEMENT CORP.

131.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XIII.

132.    Like many residents, the Plaintiff has experienced respiratory distress since the occurrence.

133.    Exposure to polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos can have a latent effect on the lungs, respiratory system and lymph system.

134.    The latent injuries which develop over time and manifest later in life may include, but are not limited to various cancers including lung cancer and mesothelioma.

135.    Defendant, MCM MANAGEMENT CORP., was fully aware of the danger of exposing the residents of Little Village, including Plaintiff, to a cloud and/or plume of particulate matter containing polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos.

136.    As a direct and proximate result of Defendant, MCM MANAGEMENT CORP.'s actions, Plaintiff's current and continued exposure to the contaminated soot has caused Plaintiff to suffer respiratory distress and has increased Plaintiff's future risk of suffering serious medical conditions, including, but not limited to, various cancers including lung cancer and mesothelioma.

137.    Defendant chose to not provide residents with respiratory protection prior to creating the contaminated explosion in the Plaintiff's neighborhood. This was a choice despite Defendant's knowledge of the risk posed to the community.

138.    Defendant further chose to proceed with the implosion, despite knowing the risk of releasing noxious particulate matter into the neighborhood, all while in the face of an executive

23

FILED DATE: 8/21/2020 2:50 PM    2020L004286

order issued by federal, state and local government, ordering residents to stay in their homes. Little Village residents, including Plaintiff, had no way to escape Defendant's careless acts and omissions.

139.    Moreover, both private and public healthcare resources at this time, during a pandemic, are overburdened. More specifically, Chicago is experiencing increased rates of Covid-19 infections, particularly on the south side of Chicago.[4]

140.    To ensure the diagnosis of medical complications arising from Defendant's acts and omissions, a medical monitoring regime should be implemented by the Defendants.

141.    The medical monitoring regime should include, but is not limited to, baseline tests and diagnostic examinations which will assist in diagnosing the adverse health effects associated with exposure to the contaminated soot.  Such a regime with medical interventions will prevent or mitigate various adverse consequences of disorders and diseases associated with the initial sudden exposure to and ingestion of noxious particulate matter and subsequent persistent exposure to the remaining thick soot dispersed throughout the community, including on Plaintiff's home and property, in accordance with consensus best practices.

142.    By monitoring and testing Plaintiff and her family, and possibly others in the neighborhood, the risk that Plaintiff and her family will suffer long-term injuries, disease, and losses without adequate treatment will be significantly reduced.

143.    WHEREFORE, Plaintiff requests that Defendant, MCM MANAGEMENT CORP., be required to establish a medical monitoring program.

**COUNT XIV - MEDICAL MONITORING – HRP EXCHANGE 55, LLC**

---

[4] https://www.chicago.gov/content/dam/city/sites/covid/reports/2020-04-13/COVID-19_Confirmed%20case%20rate%20by%20zipcode%20April%2012.pdf. (Last accessed 4/14/20).

FILED DATE: 8/21/2020 2:50 PM    2020L004286

144.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XIV.

145.     Like many residents, the Plaintiff has experienced respiratory distress since the occurrence.

146.     Exposure to polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos can have a latent effect on the lungs, respiratory system and lymph system.

147.     The latent injuries which develop over time and manifest later in life may include, but are not limited to, various cancers including lung cancer and mesothelioma.

148.     Defendant HRP EXCHANGE 55, LLC was fully aware of the danger of exposing the residents of Little Village, including Plaintiff, to a cloud and/or plume of particulate matter containing polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos.

149.     As a direct and proximate result of Defendant, HRP EXCHANGE 55, LLC's actions, Plaintiff's current and continued exposure to the contaminated soot has caused Plaintiff to suffer respiratory distress and has increased Plaintiff's future risk of suffering serious medical conditions, including, but not limited to, various cancers including lung cancer and mesothelioma.

150.     Defendant chose to not provide residents with respiratory protection prior to creating the contaminated explosion in the Plaintiff's neighborhood. This was a choice despite Defendant's knowledge of the risk posed to the community.

151.     Defendant further chose to proceed with the implosion, despite knowing the risk of releasing noxious particulate matter into the neighborhood, all while in the face of an executive order issued by federal, state and local government, ordering residents to stay in their homes. Little

FILED DATE: 8/21/2020 2:50 PM          2020L004286

Village residents, including Plaintiff, had no way to escape Defendant's careless acts and omissions.

152.    Moreover, both private and public healthcare resources at this time, during a pandemic, are overburdened. More specifically, Chicago is experiencing increased rates of Covid-19 infections, particularly on the south side of Chicago.[5]

153.    To ensure the diagnosis of medical complications arising from Defendant's acts and omissions, a medical monitoring regime should be implemented by the Defendant.

154.    The medical monitoring regime should include, but is not limited to, baseline tests and diagnostic examinations which will assist in diagnosing the adverse health effects associated with exposure to the contaminated soot.  Such a regime with medical interventions will prevent or mitigate various adverse consequences of disorders and diseases associated with the initial sudden exposure to and ingestion of noxious particulate matter and subsequent persistent exposure to the remaining thick soot dispersed throughout the community, including on Plaintiff's home and property, in accordance with consensus best practices.

155.    By monitoring and testing Plaintiff and her family, and possibly others in the neighborhood, the risk that Plaintiff and her family will suffer long-term injuries, disease, and losses without adequate treatment will be significantly reduced.

156.    WHEREFORE, Plaintiff requests that Defendant, HRP EXCHANGE 55, LLC, be required to establish a medical monitoring program.

**COUNT XV - MEDICAL MONITORING – CONTROLLED DEMOLITION, INC.**

157.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XV.

---

[5] https://www.chicago.gov/content/dam/city/sites/covid/reports/2020-04-13/COVID-19_Confirmed%20case%20rate%20by%20zipcode%20April%2012.pdf. (Last accessed 4/14/20).

FILED DATE: 8/21/2020 2:50 PM    2020L004286

158.   Like many residents, the Plaintiff has experienced respiratory distress since the occurrence.

159.   Exposure to polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos can have a latent effect on the lungs, respiratory system and lymph system.

160.   The latent injuries which develop over time and manifest later in life may include, but are not limited to, various cancers including lung cancer and mesothelioma.

161.   Defendant CONTROLLED DEMOLITION, INC. was fully aware of the danger of exposing the residents of Little Village, including Plaintiff, to a cloud and/or plume of particulate matter containing polynuclear aromatic hydrocarbons, lead, volatile organic compounds, polychlorinated biphenyls, and asbestos.

162.   As a direct and proximate result of Defendant, CONTROLLED DEMOLITION, INC.'s actions, Plaintiff's current and continued exposure to the contaminated soot has caused Plaintiff to suffer respiratory distress and has increased Plaintiff's future risk of suffering serious medical conditions, including, but not limited to, various cancers including lung cancer and mesothelioma.

163.   Defendant chose to not provide residents with respiratory protection prior to creating the contaminated explosion in the Plaintiff's neighborhood. This was a choice despite Defendant's knowledge of the risk posed to the community.

164.   Defendant further chose to proceed with the implosion, despite knowing the risk of releasing noxious particulate matter into the neighborhood, all while in the face of an executive order issued by federal, state and local government, ordering residents to stay in their homes. Little

FILED DATE: 8/21/2020 2:50 PM                    2020L004286

Village residents, including Plaintiff, had no way to escape Defendant's careless acts and omissions.

165.    Moreover, both private and public healthcare resources at this time, during a pandemic, are overburdened. More specifically, Chicago is experiencing increased rates of Covid-19 infections, particularly on the south side of Chicago.[6]

166.    To ensure the diagnosis of medical complications arising from Defendant's acts and omissions, a medical monitoring regime should be implemented by the Defendant.

167.    The medical monitoring regime should include, but is not limited to, baseline tests and diagnostic examinations which will assist in diagnosing the adverse health effects associated with exposure to the contaminated soot.  Such a regime with medical interventions will prevent or mitigate various adverse consequences of disorders and diseases associated with the initial sudden exposure to and ingestion of noxious particulate matter and subsequent persistent exposure to the remaining thick soot dispersed throughout the community, including on Plaintiff's home and property, in accordance with consensus best practices.

168.    By monitoring and testing Plaintiff and her family, and possibly others in the neighborhood, the risk that Plaintiff and her family will suffer long-term injuries, disease, and losses without adequate treatment will be significantly reduced.

169.    WHEREFORE, Plaintiff requests that Defendant, CONTROLLED DEMOLITION, INC., be required to establish a medical monitoring program.

---

[6] https://www.chicago.gov/content/dam/city/sites/covid/reports/2020-04-13/COVID-19_Confirmed%20case%20rate%20by%20zipcode%20April%2012.pdf. (Last accessed 4/14/20).

FILED DATE: 8/21/2020 2:50 PM   2020L004286

### COUNT XVI - ULTRAHAZARDOUS ACTIVITY / STRICT LIABILITY – HRE CRAWFORD, LLC

170.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XVI.

171.     Defendant, HRE CRAWFORD, LLC, participated in the demolition of the concrete smokestack at the former Crawford Power Generating Station site by way of planning and implementing the demolition that occurred on April 11, 2020.

172.     The demolition participated in by Defendant, HRE CRAWFORD, LLC, constitutes an ultrahazardous activity.

173.     Defendant, HRE CRAWFORD, LLC's actions surrounding the demolition at the former Crawford Power Generation site presented a high degree of risk of harm to the residents of and near Little Village, including KATHRYN RAMIREZ-MERCADO and her property. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had little warning, if any, that the demolition and disposal was going to occur. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had absolutely no warning that the demolition and disposal would occur in the manner that Defendants conducted it, and a plume which included toxic debris and carcinogenic particulate matter being released into her community.  The demolition of the smokestack created a high likelihood of harm with an inability to reduce the risk.

174.     The manner in which the demolition occurred, as detailed throughout this Complaint, far outweighed any potential value of removing the smokestack, and is especially inappropriate 1) when conducted in such close proximity to a densely populated area and 2) when the link between poor respiratory health and COVID-19 is a matter of heightened concern.

175.    Because the activities of Defendant, HRE CRAWFORD, LLC are not common and ultrahazardous, it is strictly liable for any injuries proximately resulting therefrom.

176.    As a direct and proximate result of Defendant, HRE CRAWFORD, LLC's ultrahazardous activities, Plaintiff KATHRYN RAMIREZ-MERCADO inhaled and came into contact with dangerous amounts carcinogenic particulate matter, sustaining a personal injury, and has been caused to incur and endure medical bills, lost wages, pain and suffering, mental anguish, disability, disfigurement, reduced life expectancy, and loss of normal life.

WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HRE CRAWFORD, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT XVII - ULTRAHAZARDOUS ACTIVITY / STRICT LIABILITY – HILCO REDEVELOPMENT, LLC

177.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XVII.

178.    Defendant, HILCO REDEVELOPMENT, LLC, participated in the demolition of the concrete smokestack at the former Crawford Power Generating Station site by way of planning and implementing the demolition that occurred on April 11, 2020.

179.    The demolition participated in by Defendant, HILCO REDEVELOPMENT, LLC, constitutes an ultrahazardous activity.

180.    Defendant, HILCO REDEVELOPMENT, LLC's actions surrounding the demolition at the former Crawford Power Generation site presented a high degree of risk of harm to the residents of and near Little Village, including KATHRYN RAMIREZ-MERCADO and her property. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had little warning, if any, that the demolition and disposal was going to occur. The residents in and

FILED DATE: 8/21/2020 2:50 PM    2020L004286

near Little Village, including KATHRYN RAMIREZ-MERCADO, had absolutely no warning that the demolition and disposal would occur in the manner that Defendants conducted it, and a plume which included toxic debris and carcinogenic particulate matter being released into her community.  The demolition of the smokestack created a high likelihood of harm with an inability to reduce the risk.

181.    The manner in which the demolition occurred, as detailed throughout this Complaint, far outweighed any potential value of removing the smokestack, and is especially inappropriate 1) when conducted in such close proximity to a densely populated area and 2) when the link between poor respiratory health and COVID-19 is a matter of heightened concern.

182.    Because the activities of Defendant, HILCO REDEVELOPMENT, LLC are not common and ultrahazardous, it is strictly liable for any injuries proximately resulting therefrom.

183.    As a direct and proximate result of Defendant, HILCO REDEVELOPMENT, LLC's ultrahazardous activities, Plaintiff KATHRYN RAMIREZ-MERCADO inhaled and came into contact with dangerous amounts carcinogenic particulate matter, sustaining a personal injury, and has been caused to incur and endure medical bills, lost wages, pain and suffering, mental anguish, disability, disfigurement, reduced life expectancy, and loss of normal life.

WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HILCO REDEVELOPMENT, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT XVIII - ULTRAHAZARDOUS ACTIVITY / STRICT LIABILITY – MCM MANAGEMENT CORP.

184.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XVIII.

FILED DATE: 8/21/2020 2:50 PM    2020L004286

185.    Defendant, MCM MANAGEMENT CORP., participated in the demolition of the concrete smokestack at the former Crawford Power Generating Station site by way of planning and implementing the demolition that occurred on April 11, 2020.

186.    The demolition participated in by Defendant, MCM MANAGEMENT CORP constitutes an ultrahazardous activity.

187.    Defendant, MCM MANAGEMENT CORP.'s actions surrounding the demolition at the former Crawford Power Generation site presented a high degree of risk of harm to the residents of and near Little Village, including KATHRYN RAMIREZ-MERCADO and her property. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had little warning, if any, that the demolition and disposal was going to occur. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had absolutely no warning that the demolition and disposal would occur in the manner that Defendants conducted it, and a plume which included toxic debris and carcinogenic particulate matter being released into her community.  The demolition of the smokestack created a high likelihood of harm with an inability to reduce the risk.

188.    The manner in which the demolition occurred, as detailed throughout this Complaint, far outweighed any potential value of removing the smokestack, and is especially inappropriate 1) when conducted in such close proximity to a densely populated area and 2) when the link between poor respiratory health and COVID-19 is a matter of heightened concern.

189.    Because the activities of Defendant, MCM MANAGEMENT CORP. are not common and ultrahazardous, it is strictly liable for any injuries proximately resulting therefrom.

190.    As a direct and proximate result of Defendant, MCM MANAGEMENT CORP.'s ultrahazardous activities, Plaintiff KATHRYN RAMIREZ-MERCADO inhaled and came into

FILED DATE: 8/21/2020 2:50 PM    2020L004286

contact with dangerous amounts carcinogenic particulate matter, sustaining a personal injury, and has been caused to incur and endure medical bills, lost wages, pain and suffering, mental anguish, disability, disfigurement, reduced life expectancy, and loss of normal life.

WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, MCM MANAGEMENT CORP., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT XIX - ULTRAHAZARDOUS ACTIVITY / STRICT LIABILITY – HRP EXCHANGE 55, LLC

191.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XIX.

192.     Defendant, HRP EXCHANGE 55, LLC, participated in the demolition of the concrete smokestack at the former Crawford Power Generating Station site by way of planning and implementing the demolition that occurred on April 11, 2020.

193.     The demolition participated in by Defendant, HRP EXCHANGE 55, LLC, constitutes an ultrahazardous activity.

194.     Defendant, HRP EXCHANGE 55, LLC's actions surrounding the demolition at the former Crawford Power Generation site presented a high degree of risk of harm to the residents of and near Little Village, including KATHRYN RAMIREZ-MERCADO and her property. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had little warning, if any, that the demolition and disposal was going to occur. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had absolutely no warning that the demolition and disposal would occur in the manner that Defendants conducted it, and a plume which included toxic debris and carcinogenic particulate matter being released into her

community. The demolition of the smokestack created a high likelihood of harm with an inability to reduce the risk.

195.     The manner in which the demolition occurred, as detailed throughout this Complaint, far outweighed any potential value of removing the smokestack, and is especially inappropriate 1) when conducted in such close proximity to a densely populated area and 2) when the link between poor respiratory health and COVID-19 is a matter of heightened concern.

196.     Because the activities of Defendant, HRP EXCHANGE 55, LLC are not common and ultrahazardous, it is strictly liable for any injuries proximately resulting therefrom.

197.     As a direct and proximate result of Defendant, HRP EXCHANGE 55, LLC's ultrahazardous activities, Plaintiff KATHRYN RAMIREZ-MERCADO inhaled and came into contact with dangerous amounts carcinogenic particulate matter, sustaining a personal injury, and has been caused to incur and endure medical bills, lost wages, pain and suffering, mental anguish, disability, disfigurement, reduced life expectancy, and loss of normal life.

WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, HRP EXCHANGE 55, LLC, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT XX - ULTRAHAZARDOUS ACTIVITY / STRICT LIABILITY –
CONTROLLED DEMOLITION, INC.**

198.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, *supra*, as if fully restated in this Count XX.

199.     Defendant, CONTROLLED DEMOLITION, INC., participated in the demolition of the concrete smokestack at the former Crawford Power Generating Station site by way of planning and implementing the demolition that occurred on April 11, 2020.

FILED DATE: 8/21/2020 2:50 PM     2020L004286

FILED DATE: 8/21/2020 2:50 PM    2020L004286

200.    The demolition participated in by Defendant, CONTROLLED DEMOLITION, INC. constitutes an ultrahazardous activity.

201.    Defendant, CONTROLLED DEMOLITION, INC.'s actions surrounding the demolition at the former Crawford Power Generation site presented a high degree of risk of harm to the residents of and near Little Village, including KATHRYN RAMIREZ-MERCADO and her property. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had little warning, if any, that the demolition and disposal was going to occur. The residents in and near Little Village, including KATHRYN RAMIREZ-MERCADO, had absolutely no warning that the demolition and disposal would occur in the manner that Defendants conducted it, and a plume which included toxic debris and carcinogenic particulate matter being released into her community.  The demolition of the smokestack created a high likelihood of harm with an inability to reduce the risk.

202.    The manner in which the demolition occurred, as detailed throughout this Complaint, far outweighed any potential value of removing the smokestack, and is especially inappropriate 1) when conducted in such close proximity to a densely populated area and 2) when the link between poor respiratory health and COVID-19 is a matter of heightened concern.

203.    Because the activities of Defendant, CONTROLLED DEMOLITION, INC., are not common and ultrahazardous, it is strictly liable for any injuries proximately resulting therefrom.

204.    As a direct and proximate result of Defendant, CONTROLLED DEMOLITION, INC.'s ultrahazardous activities, Plaintiff KATHRYN RAMIREZ-MERCADO inhaled and came into contact with dangerous amounts carcinogenic particulate matter, sustaining a personal injury,

FILED DATE: 8/21/2020 2:50 PM    2020L004286

and has been caused to incur and endure medical bills, lost wages, pain and suffering, mental anguish, disability, disfigurement, reduced life expectancy, and loss of normal life.

WHEREFORE, Plaintiff, KATHRYN RAMIREZ-MERCADO, Individually, prays that judgment be entered against Defendant, CONTROLLED DEMOLITION, INC., for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

*s/ Clifford Law Offices, P.C.*
CLIFFORD LAW OFFICES
Attorney for Plaintiff

Sean P. Driscoll
Kristofer S. Riddle
CLIFFORD LAW OFFICES, P.C
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
T: (312) 899-9090
F: (312) 251-1160
SPD@cliffordlaw.com
KSR@cliffordlaw.com
Firm ID: 32640