# EXHIBIT 1 TO SETTLEMENT AGREEMENT

# "CLAIM FORM"

# CRAWFORD COAL PLANT SMOKESTACK DEMOLTION CLAIM FORM

**Instructions:** Fill out the top section of this form, choose Option One if you were present in the Class Boundaries on April 11, 2020, Option Two if your real or personal property was damaged as a result of the demolition of the smokestack demolition on April 11, 2020, or both if you qualify for both categories. Then sign where indicated. **If you submit a claim for property damage, you must provide proof**. Accepted proof may include a detailed description of the type and amount of damage to your property, or receipts showing the amount of damage. You may submit pictures to help document the damage to your property.

| **First Name** | **Last Name** | |
|---|---|---|
| **Street Address** | | |
| **City** | **State** | **ZIP Code** |
| **Telephone Number** | | |
| **Address as of April 11, 2020 (If different than current address)** | **Email Address** | |

**YOU MUST PROVIDE ALL OF THE INFORMATION ABOVE AND <u>SIGN</u> THIS CLAIM FORM. YOUR CLAIM FORM MUST BE <u>POSTMARKED OR SUBMITTED ONLINE</u> BY [CLAIMS DEADLINE], 2024.**

☐ **Option One (personal injury claim)**: I affirm that I was present within the Class Boundaries on April 11, 2020*.*

☐ **Option Two (property damage claim):** I affirm that my real or personal property was damaged as a result of the smokestack demolition on April 11, 2020, in the amount of $_____. I affirm that the following description of the damaged property is true and accurate:

_____
_____
_____
_____
_____

*If available, please attach any documentation that supports your description of property damage, such as receipts and pictures.*

By submitting this Claim Form, I declare, under penalty of perjury under the laws of the United States of America, that I believe I am a member of the Settlement Class, that the information provided above is true to the best of my knowledge, and any proof attached is true and accurate.

Signature: _____ Date (MM-DD-YY): ____ - ____ - ____

# EXHIBIT 2 TO SETTLEMENT AGREEMENT "POSTCARD NOTICE"

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Solis, et al. v. Hilco Redevelopment LLC, et al.*, No. 20-cv-02348 (N.D. Ill.)

**If you or your property were impacted by the demolition of the smokestack at the former Crawford Coal Plant in Chicago's Little Village neighborhood in April 2020, you may be entitled to a cash payment:**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A proposed settlement has been reached in a class action lawsuit claiming that Hilco Redevelopment, LLC, HRE Crawford, LLC, and HRP Exchange 55, LLC (collectively, "Hilco"), MCM Management Corp., Controlled Demolition, Inc., and Marine Technology Solutions LLC ("Defendants") acted improperly and caused damage when they demolished a smokestack on April 11, 2020, at the former Crawford Coal Plant, which was located at 3501 S. Pulaski Rd., Chicago, IL 60623. The settlement doesn't decide who is right, but rather is a compromise to end the lawsuit and avoid the uncertainties and costs associated with a trial.

**Why am I being contacted?**

The settlement allows individuals who were present, or owned real or personal property within the following boundaries on April 11, 2020 to file a claim for payment from the settlement: from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue. These boundaries are known as the Class Boundaries.

Our records indicate that you may have lived in or owned real or personal property within the Class Boundaries on April 11, 2020, and therefore you may have the right to share in the settlement.

More information about the calls and the settlement is available at [case website].

**What can I get out of the settlement?**

If the Court approves the settlement, Class Members who submit valid claims will receive a cash payment from the Settlement Fund. The Settlement Fund is $12,250,000. The settlement provides for two separate Classes. One is for individuals who were present in the Class Boundaries on April 11, 2020, and therefore are presumed to have suffered personal injuries. The second is for individuals who file a valid claim for damage to their real or personal property, and are entitled to recover the value of the actual documented damages, subject to a pro rata reduction if the total amount of property claims exceed $1,000,000. Individuals who file valid personal injury claims will be paid a pro rata share of the remaining funds available to the class, which are estimated to be at least $7,000,000.

**How do I get my payment?**

You just need to complete and verify a short and simple Claim Form, which is attached and available here [link]. The Claim Form has two options. Select the first option if you want to file a claim for personal injury. The claim form does not require additional proof to recover for personal injury. Select the second option if want to file a claim for property damage. You will need to provide some evidence to support your claim for property damage, such as receipts or a detailed description of the property damage. If your property was damaged and you also qualify for a personal injury claim, you may select both options. You

may later be asked to provide additional documents or information to support your claim. ***All Claim Forms must be received by [Claims Deadline].***

You may also submit a claim form in person at a community outreach event. Please call [800 number] or check the Class website, [case website], for details about when and where these events will take place.

The Class website also has more information about the timing for payment of claims.

### What are my options?

You can do nothing, submit a Claim Form, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing or submit a Claim Form, you won't be able to sue Defendants in a future lawsuit about the claims resolved in the Settlement. If you exclude yourself, you won't get a payment but you'll keep your right to sue Defendants on the issues the Settlement resolves. You must contact the Claims Administrator by mail to exclude yourself. You can also object to the Settlement if you disagree with any of its terms. All Requests for Exclusion and Objections must be received by [exclusion/objection deadline]. Go to [case website] for complete details about all of your rights and options and how to exercise them.

### Who represents me?

The Court has appointed lawyers from the firm Loevy & Loevy to represent you as "Class Counsel." The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay your own legal fees. Antonio Solis, Jose Solis, and Juan Rangel—class members like you—have been appointed by the Court as the "Class Representatives."

### When will the Court approve the settlement?

The Court will hold a final approval hearing on [date] at [time] before Judge [__] in Courtroom [__] of the Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, 60604. The Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to $4,250,000 and incentive awards, which if granted, will be paid out of the Settlement Fund. Class Counsels' request for fees and an incentive award will be posted on [case website].

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at [case website], contact Class Counsel at [#], through the Court's online electronic full case docket search at ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St. Chicago, IL 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

# EXHIBIT 3 TO SETTLEMENT AGREEMENT
# "LONG FORM NOTICE"

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

**If you or your property were impacted by the demolition of the smokestack at the former Crawford Coal Plant in Chicago's Little Village neighborhood in April 2020, you may be entitled to a cash payment:**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer. Please read this notice carefully and completely.*

## WHAT THIS NOTICE IS ABOUT

- This is to notify you of a proposed Settlement of a class action lawsuit. The lawsuit stems from the demolition of a smokestack on April 11, 2020, at the former Crawford Coal Plant, which was located at 3501 South. Pulaski Road, Chicago, Illinois 60623. The Defendants are Hilco Redevelopment, LLC, HRE Crawford, LLC, and HRP Exchange 55, LLC (collectively, "Hilco"), MCM Management Corp., Controlled Demolition, Inc., and Marine Technology Solutions LLC ("Defendants").

- The Defendants have agreed to pay $12,250,000 to settle this lawsuit. This money will be used to pay Class Members, and to pay for attorneys' fees, costs, and other expenses. The settlement doesn't decide who is right, but rather is a compromise to end the lawsuit and avoid the uncertainties and costs associated with a trial.

- You are a Class Member and included in the Settlement if you were present or owned personal or real property in the following geographic area on April 11, 2020: 33rd & Kedzie, west to 33rd & Klibourn, north to Kilbourn & Cermak, east to Cermak & Ogden, northeast to Ogden & California, south to 26th St. & California, west to 26th St. & Sacramento, south to Sacramento & 31st St., west to 31st St. & Kedzie, south to 33rd & Kedzie. This area is referred to as the Class Boundaries and is shown on the included map.

- You may also scan this QR code to see the Class Boundaries map on your device:



- You have been identified as a potential Class Member. If you are a Class Member, you are entitled to submit a claim for a share of the Settlement.

- Please read this notice carefully. Your legal rights and options, **and the deadlines to exercise them**, are explained below. Your legal rights are affected, whether you act or don't act.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| WHAT YOU CAN DO | WHAT IT MEANS | DATE/DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a cash payment. If you submit a Claim Form, you *will* be bound by the terms of the Settlement. | [claim filing deadline] |
| **DO NOTHING** | You *will not* receive a cash payment, and you *will* be bound by the terms of the Settlement. | |
| **EXCLUDE YOURSELF** | If you ask to be excluded, you *will not* receive a cash payment under the Settlement and you *will not* be bound by the terms of the Settlement. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. | [no later than XY days after the notice date] |
| **OBJECT** | Remain a Class Member but write to the Court about why you don't like the Settlement. | [no later than XY days after the notice date] |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. | [date] |

The court in charge of this case must still decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

2

*Questions? Call [phone number], email [insert class email address], or visit [class website].*

| WHAT THIS NOTICE CONTAINS |
|---|

Page

**BASIC INFORMATION**
    1. Why did I get this notice? ........................................................................................ 4
    2. Why is this a class action? ....................................................................................... 4
    3. What is this lawsuit about? ...................................................................................... 5
    4. Why is there a Settlement? ...................................................................................... 5

**WHO IS IN THE SETTLEMENT**
    5. How do I know if I am part of this Settlement? ....................................................... 5

**THE SETTLEMENT BENEFITS—WHAT YOU GET**
    6. What does the Settlement provide? .......................................................................... 5
    7. Ho much money will I receive from the Settlement? ............................................... 5
    8. How do I make a claim? ........................................................................................... 6
    9. Do I need to submit any records proving that I was injured? ................................... 6
    10. When will I receive my cash payment? ................................................................... 6
    11. What am I giving up if I get a cash payment under this Settlement? ....................... 6

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
    12. How do I get out of the Settlement? ......................................................................... 7
    13. If I exclude myself, can I get a cash payment from this Settlement? ....................... 7
    14. If I don't exclude myself, can I sue Defendant for the same thing later? ................. 7

**THE LAWYERS REPRESENTING YOU**
    15. Do I have a lawyer in this case? ............................................................................... 7
    16. How will the lawyers be paid? .................................................................................. 7

**OBJECTING TO THE SETTLEMENT**
    17. How do I tell the Court that I don't like the Settlement? ......................................... 8
    18. What's the difference between objecting and excluding? ......................................... 8

**THE COURT'S FINAL APPROVAL HEARING**
    19. When and where will the Court decide whether to approve the Settlement? ........... 8
    20. Do I have to come to the hearing? ............................................................................ 9
    21. May I speak at the hearing? ...................................................................................... 9

**IF YOU DO NOTHING**
    22. What happens if I do nothing at all? ......................................................................... 9

**GETTING MORE INFORMATION**
    23. How do I get more information about the Settlement? ............................................ 9

3

*Questions? Call [phone number], email [insert class email address], or visit [class website].*

# BASIC INFORMATION

### 1. Why did I get this notice?

A court authorized this notice to let you know about the proposed class action Settlement with the Defendants. Records indicate that you may have lived or owned property within the Class Boundaries as of April 2020.

You have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, a Claims Administrator approved by the Court will make the payments that the Settlement allows. This document explains the lawsuit, the Settlement, your legal rights, what monetary settlement amount is available, who is eligible for payment, and how to get it.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348. The people who sued are Plaintiffs, and the companies they sued are the Defendants.

### 2. Why is this a class action?

This is a class action lawsuit. In a class action, one or more people, called "Class Representatives," or "Class Plaintiffs"—in this case Antonio Solis, Jose Solis, and Juan Rangel—sue for their own benefit as well as for a group of other people with similar claims. Together, this group is called a "Class" and consists of "Class Members." One court resolves the issues for all Class Members, except those who exclude themselves from the lawsuit.

There are two Classes in this lawsuit, and they are defined as:

> All persons, property owners, lessees and businesses whose property received particulate matter from the Demolition and disposal of the smokestack at the Crawford Coal Plant and was located in the geographic area from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue (the "Property Class") ; and/or

> All persons present in the geographic area from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue during the Demolition (the "Personal Injury Class").

You may be a member of one or both Classes. You may review and copy all of the case documents in person at the office of the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604. A copy of the Settlement agreement and the main case documents are available here: [class website].

| 3. What is this lawsuit about? |
|---|

The lawsuit claims that the Defendants improperly carried out the demolition of a smokestack at the former Crawford Coal Plant, which was located at 3501 South Pulaski Road, Chicago, Illinois 60623, on April 11, 2020, causing damage to people and property in the surrounding area.

The Defendants deny those allegations, and deny that they violated the law. The court has not decided whether the Defendants did anything wrong. The Settlement is a compromise to end the lawsuit and avoid the uncertainties and costs associated with a trial. The Settlement is not an admission of wrongdoing by Defendants. More information about the lawsuit can be found in the "Court Documents" section of the settlement website at [class website].

| 4. Why is there a Settlement? |
|---|

The Court has not decided the amount of money, if any, each Class Member should receive in this lawsuit. The Court has also not decided whether the Plaintiffs or the Defendants should win this case. Instead, Plaintiffs and Defendants have agreed to a Settlement. That way, they can avoid the uncertainty and expense of further litigation. The Class Representatives and their attorneys ("Class Counsel") think the Settlement is in the best interest of the Class.

## WHO IS IN THE SETTLEMENT

| 5. How do I know if I am part of this Settlement? |
|---|

You are a Class Member if you fit within the definition of one or both of the Classes set forth in Question 2, meaning that you were present in, or owned real or personal property in, the Class Boundaries on April 11, 2020.

If you are still not sure whether you are included in one or both of the Classes, you can call the Claims Administrator at [##] or you can get free help by calling the lawyers in this case at the phone number listed in Question 8.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 6. What does the Settlement provide? |
|---|

The Settlement provides for the creation of a $12,250,000 Settlement Fund to be paid in cash and distributed to the Class Members, as well as for attorneys' fees, costs, and settlement administration expenses. Class Members with approved claims will receive payments from the Fund.

| 7. How much money will I receive from the Settlement? |
|---|

As a Class Member, you are entitled to receive a cash payment from the Settlement Fund if you submit a valid Claim Form before the claim deadline of [date]. The amount of money remaining after payment of attorneys' fees, costs, and settlement administration expenses is called the "Net Fund Value," which is the amount available to pay Class Members. An overview of the potential recovery for Class Members is provided below:

- o Class Members may file a claim to recover for personal injuries, property damage, or both. Individuals are entitled to submit a claim for personal injuries if they were present in the Class Boundaries on April 11, 2020.

- o Class Members may file a claim to recover for property damage if their real or personal property was damaged by Defendants' demolition of the smokestack on April 11, 2020. Class Members

5

  who are filing claims for property damage must submit proof, whether by affidavit, receipts, or otherwise, showing the value of their property damage.

- o Up to $1,000,000 has been set aside for satisfy claims for property damage. Class Members filing claims for property damage will be reimbursed for that damage based on the value of the damage to their property, subject to a pro rata reduction if the total value of property-damage claims exceeds $1,000,000.

- o The remaining amount of the settlement fund, after attorneys' fees, costs, and expenses, has been set aside to satisfy personal injury claims. This amount is expected to be at least $7,000,000. Class Members who submit a claim for personal injury will receive a pro rata share of the personal-injury fund. The amount of money you are entitled to will depend on the type of claim you file and on the number of approved claims. It is expected that each Class Member will receive between approximately $[__-__] for personal injury claims, depending on the number of claims that are filed and approved. The actual payment may be more or less than the expected payment.

There will be at least one and possibly two rounds of payments. In the first round, payments will be distributed to Class Members by the Claims Administrator. If there are any payments that remain uncashed after 150 days from issuance, those payments will become null and void. Those funds will then be redistributed to other Class Members on a pro rata basis in a second round of payments. The Settlement Agreement explains the process in further detail. To get a copy, go to [class website].

### 8. How do I make a claim?

You may submit a Claim Form online at [insert URL to claim forms] or by requesting a paper Claim Form from the Claims Administrator. Finally, you may be able to submit a Claim Form in person at a community event. Please contact the Claims Administrator for more information about all of these options, including details about when and where community events will take place.

### 9. Do I need to submit any records proving that I was injured?

You do not need to submit any records other than your claim form to receive a payment as part of the Personal Injury Class.

If you are submitting a claim for property damage, you will need to submit information showing the value of the damage your property suffered as a result of the demolition of the smokestack on April 11, 2020. There are no specific requirements as to the type of proof that you must submit, but common examples include submitting under oath a detailed description of the damage, or receipts of repairs that you were required to make to your property. You may include pictures to help describe the damage. The Claims Administrator may seek additional proof beyond the initial submission of your Claim Form to validate and approve your claim.

### 10. When will I receive my cash payment?

The hearing to consider the fairness of the Settlement is scheduled for [FINAL APPROVAL DATE]. If the Court approves the Settlement, eligible Class Members whose claims were approved by the Claims Administrator will receive their cash payment on approximately [approximate payment date]. Any appeals will delay payments to Class Members.

### 11. What am I giving up if I get a cash payment under this Settlement?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

6

Questions? Call [phone number], email [insert class email address], or visit [class website].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 12. How do I get out of the Settlement?

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348 (N.D. Ill.). Your letter must include:

(1) your name and address, (2) a statement that you wish to be excluded from the Class, (3) the caption for this case, and (4) your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to: [Simpluris address to be provided].

You can't exclude yourself on the phone or by email.

### 13. If I exclude myself, can I get a cash payment from this Settlement?

If you exclude yourself from the Settlement, you will not receive a cash payment under the Settlement. However, you will not be in the Settlement Class, which means that you will keep your right to start your own lawsuit against Defendants for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Settlement Class and the Defendants in this lawsuit.

If you ask to be excluded, you should not submit a Claim Form,, and you cannot object to the Settlement.

### 14. If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this Settlement. If you do exclude yourself so you can start your own lawsuit against the Defendant, you should talk to your own lawyer soon, because your claims are subject to a statute of limitations.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has appointed Loevy & Loevy to act as attorneys for all Class Members ("Class Counsel") in this case. You do not need to pay for Class Counsel's services. If you want to be represented by your own lawyer, you must hire them at your own expense. For example, you can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 16. How will the lawyers get paid?

Class Counsel will ask the Court to approve reimbursement of the out-of-pocket costs they have incurred in pursuing the Class claims, as well as attorneys' fee of up to 33.33% of the Settlement Fund (after expenses). The fees will compensate Class Counsel for investigating the facts, litigating the case, representing the Class at all stages of the case, including preparing for trial, and negotiating the Settlement. The Court may award less than the amount Class Counsel seeks.

Class Counsel will also ask for an incentive award of $5,000.00 each for Antonio Solis, Jose Solis, and Juan Rangel, because they are the Plaintiffs who brought this Lawsuit on behalf of all Settlement Class Members. Incentive awards are commonly granted by the Court to recognize the efforts of Plaintiffs in bringing and prosecuting lawsuits on behalf of others.

The Court has also approved a Claims Administrator to send notice to the Class and process and handle the payment of claims by Class Members. The costs for the Claims Administrator will be paid out of the Fund.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the court that I don't like the Settlement?

If you do not exclude yourself from the Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348, no later than [objection / exclusion deadline]. Your objection should be sent to the United States District Court for the Northern District of Illinois at the following address:

> Clerk of the United States District Court for the Northern District of Illinois
> Everett McKinley Dirksen United States Courthouse
> 219 S. Dearborn St.
> Chicago, IL 60604

If you are represented by a lawyer, the lawyer must file your objection on CM/ECF.

The objection must be in writing and include the case name *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348. Your objection must be personally signed and include the following information: (1) your name and current address, (2) the specific grounds for your objection, (3) all arguments, citations, and evidence supporting your objection, including copies of any documents you intend to rely on, (4) a statement that you are a Class Member, (5) the name and contact information of any and all attorneys representing you, advising, or in any way assisting you in connection with the preparation or submission of your objection or who may profit from the pursuit of your objection, and (6) a statement indicating whether you (or your counsel) intend to appear at the Final Fairness Hearing. If you are represented by a lawyer, they must file an appearance or seek pro hac vice admission to practice before the Court.

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive awards for the Class Representatives on or before [date 2 weeks before objection deadline].

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the court decide whether to approve the Settlement?

The Court will hold the Final Fairness Hearing at [**time**] on **[date]** before the [JUDGE] in Courtroom [☐] of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives**.**

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will

8

*Questions? Call [phone number], email [insert class email address], or visit [class website].*

be posted at the settlement website, [class website] or through the Court's online docket search at www.ecf.ilnd.uscourts.gov.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Question 13, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

### 21. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (see Question 13, above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you do nothing, you will not receive a cash payment under the Settlement, you will remain in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims or legal issues being resolved by this Settlement.

## GETTING MORE INFORMATION

### 23. How do I get more information about the Settlement?

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at [class website], contact Class Counsel at [#], access the case documents through the Court's online electronic full case docket search at https://ecf.ilnd.uscourts.gov/, or visit the office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS MATTER.**

9

Questions? Call [phone number], email [insert class email address], or visit [class website].