**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO SOLIS, JOSE SOLIS, and JUAN RANGEL, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 20-CV-2348 |
| | ) | |
| *Plaintiffs*, | ) ) | Hon. Martha M. Pacold, District Judge |
| v. | ) ) | |
| | ) | Hon. Sunil R. Harjani, |
| HILCO REDEVELOPMENT LLC, *et al.*, | ) | Magistrate Judge |
| | ) | |
| *Defendants.* | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiffs Antonio Solis, Jose Solis, and Juan Rangel, on behalf of themselves and a putative class of which they are proposed Class Representatives (together, the "Plaintiffs"), and Defendants Hilco Redevelopment, LLC, HRE Crawford, LLC, and HRP Exchange 55, LLC (collectively, "Hilco"), MCM Management Corp., Controlled Demolition, Inc., and Marine Technology Solutions LLC (collectively, "Defendants" and together with Plaintiffs, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

### RECITALS

A.  On April 15, 2020, Plaintiffs commenced this Action by filing a complaint (Case No. 20-CV-02348), on behalf of themselves and all others similarly situated, alleging that Defendants had mishandled the demolition of a smokestack on the former Crawford Coal Plant, located at 3501 S. Pulaski Rd., Chicago, IL 60623, in the Little Village

neighborhood of Chicago. Plaintiffs' Complaint included the following claims: Strict Liability for Ultrahazardous Activity; Negligence; Negligent Infliction of Emotional Distress; Nuisance; Trespass; Assault & Battery; and a claim under Title VI of the Civil Rights Act of 1964, 42 USC 2000d et seq.

B.  On April 24, 2020, Plaintiffs filed an Amended Complaint with the same substantive claims.

C.  The Amended Complaint, which is the operative complaint in this matter, sought to certify the following classes:

> (a) "All persons, property owners, lessees and businesses whose property received particulate matter from the toxic plume from the demolition and disposal of the smokestack at the Crawford Coal Plant" (the "Property Class"); and
>
> (b) "All persons present in the area containing particulate matter from the toxic plume created by the demolition and disposal of the smokestack at the Crawford Coal Plant from April 11, 2020 until the particulate matter has been completely remediated" (the "Resident Class"). Dkt. 13 ¶ 74.

D.  The Complaint and Amended Complaint asked the Court to appoint Loevy & Loevy as Class Counsel.

E.  Prior to engaging in motion practice, Plaintiffs voluntarily dismissed former Defendants Morgan/Harbour, LLC, V3 Companies, Ltd., Commercial Liabilities Partners LLC, and Heneghan Wrecking based on additional information they had learned about the participants in the demolition of the smokestack.

F.  All of the Defendants moved to dismiss Plaintiffs' Amended Complaint. Dkt. Nos. 75, 78, 84. Plaintiffs filed a 54-page response to Defendants' motions to dismiss. Dkt. 93.

Defendants filed reply briefs, Dkt. Nos. 100-102, and the Court ruled on the motions to dismiss on March 23, 2022. Dkt. No. 169.

G. When the Court ruled on the motions to dismiss, it allowed the following claims to proceed: Ultrahazardous Activity; Negligence; Private Nuisance; Negligent Trespass; and Negligent Infliction of Emotional Distress as to Plaintiff Antonio Solis. Dkt. 169. The Court dismissed the remainder of the claims without prejudice. *Id*. The Court gave Plaintiffs until April 18, 2022 to amend their complaint. Dkt. 175. Plaintiffs chose not to amend their complaint.

H. The Parties disputed whether discovery should begin while the motions to dismiss were pending, Dkt. No. 88, and the Court decided that the Parties could begin written discovery, while oral discovery would wait until the motions were decided. *See* Dkt. 104.

I. The Parties subsequently issued and responded to written discovery and substantially completed their document productions, including ESI, which involved tens of thousands of pages of discovery being produced.

J. After the Court ruled on the motions to dismiss, the Parties began taking depositions.

K. Before and after the filing the Complaint, proposed Class Counsel at Loevy & Loevy thoroughly investigated the putative Class Members' claims. Proposed Class Counsel represent that they have further undertaken an extensive analysis of the legal principles applicable to the claims asserted against Defendants and the potential defenses thereto. Both the proposed Class Representatives and Defendants have had an opportunity to evaluate their respective positions on the merits of the claims asserted.

L. Proposed Class Counsel was also continually evaluating the possibility of settling the case rather than resolving it through trial. *See*, *e.g.*, Dkt. 176 (explaining that Plaintiffs believed they would be in a position to make a settlement demand after written discovery was substantially complete).

M. Plaintiffs, through Proposed Class Counsel, sent an initial settlement demand on June 21, 2022. Dkt. 183. Defendants responded to Plaintiffs' initial settlement demand on September 26, 2022. Dkt. 205.

N. After the Parties' initial demand and response, the Parties periodically continued communications while taking discovery and depositions.

O. The Parties' informal discussions eventually led to an agreement to mediate the case with the Honorable Wayne Andersen (Ret.) at JAMS.

P. The Parties subsequently participated in a mediation with Judge Andersen. Although the mediation did not result in a settlement, Judge Andersen made a mediator's proposal to resolve the claims in this case. After careful consideration, both sides accepted Judge Andersen's mediator's proposal. Dkt. 234.

Q. Plaintiffs believe that they would have ultimately succeeded in getting this case certified as a class action and then succeeded on the merits at trial. Nevertheless, Plaintiffs and Proposed Class Counsel recognize that Defendants have and would raise defenses in this Action that present a material risk that Plaintiffs may not have prevailed at either the class certification stage or at a trial on the merits, and that the amount of damages that would be awarded, if any, would be an open question as well. Plaintiffs and Proposed Class Counsel also have taken into account the uncertain outcome and risks of a complex jury trial. Therefore, Plaintiffs believe it is desirable that the

Released Claims be fully and finally compromised, settled, resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Agreement.

R. Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in this Action, Proposed Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to resolve the claims of the Plaintiffs and Class, and that it is in the best interests of Plaintiffs and Class Members to settle the claims raised in this Action pursuant to the terms and conditions set forth in this Agreement. Plaintiffs have agreed to execute this Agreement and Plaintiffs and Proposed Class Counsel urge approval by the Court of the proposed Agreement after considering (1) the factual and legal defenses available to the Defendants to the claims asserted in the Action, which render the outcome of the Action substantially uncertain; (2) the substantial benefits that Class Members shall receive pursuant to the proposed Agreement; (3) the fact that the proposed Agreement ensures the Class Members shall receive relief in the most expeditious and efficient manner practicable, and thus much sooner than would be possible were the claims to be litigated successfully through final judgment and appeal; and (4) the fact that the proposed Agreement allows persons who would otherwise fall within the definition of the Class to opt out of the Action (if they so desire) and individually pursue the claims alleged in the Action.

S. At all times, Defendants have denied, and continue to deny, any liability and wrongdoing. Specifically, Defendants deny that their actions subjected them to liability for any of Plaintiffs' claims, or that Plaintiffs were entitled to damages, and they are prepared to present a vigorous defense in this case at summary judgment and trial.

Nevertheless, taking into account the uncertainty and risks inherent in litigation, including in any jury trial, Defendants have concluded that further defense of this Action would be burdensome and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the claims of the Class in the manner and upon the terms and conditions set forth in this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs and Defendants, by and through their respective counsel, that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, or as otherwise ordered by the Court, and in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Released Claims shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

### 1.     DEFINITIONS.

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.    "Action" refers to the above-captioned putative class action: *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-CV-02348 (N.D. Ill.).

1.2.    "Approved Claim" means a Claim Form submitted by a Settlement Class Member that is (a) submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement, (b) fully and truthfully completed and executed, with all of the information requested in the Claim Form; and (c) is verified by the Claims Administrator pursuant to Section 9.4.

1.3. "Association" is defined as a formal organization of people who come together for a common purpose or to achieve a specific goal.

1.4. "Claim Form" means the claim form that will be mailed, emailed, or otherwise provided or made available to Settlement Class Members whereby they may receive a cash payment under the Settlement, substantially in the form attached hereto as Exhibit 1.

1.5. "Claim Deadline" is the date by which Settlement Class Members must submit a valid Claim Form to receive a cash payment under the Settlement. The Claim Deadline is 75 days after the Notice Date.

1.6. "Defendants" refers to the Hilco Redevelopment, LLC, HRE Crawford, LLC, and HRP Exchange 55, LLC (collectively, "Hilco"), MCM Management Corp., Controlled Demolition, Inc., and Marine Technology Solutions LLC, along with any and all past, present, and future affiliates, parents, subsidiaries, predecessors, successors, assignees, officers, agents and employees.

1.7. "Class" or "Class Members" refers to:

(a) All persons, property owners, lessees and businesses whose property received particulate matter from the Demolition and disposal of the smokestack at the Crawford Coal Plant and was located in the geographic area from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue

and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue (the "Property Class") ; and/or

(b) All persons present in the geographic area from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue during the Demolition (the "Personal Injury Class").

(c) Excluded from the Classes are (1) any Judge or Magistrate presiding over this Action, as well as members of their families; (2) Defendants; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) counsel for all Parties and members of their families.

1.8. "Class Counsel" and "Proposed Class Counsel" refers to: Steve Art, Scott Rauscher, and Renee Spence, Loevy & Loevy, 311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607.

1.9. "Demolition" means the April 11, 2020 implosion of the 380-foot chimney on the former Crawford Coal Plant, located at 3501 S. Pulaski Rd., Chicago, IL 60623.

1.10. "Fee Award" refers to the amount authorized by the Court pursuant to paragraph 5 for the costs and attorneys' fees incurred by Class Counsel in connection with this litigation and resolution of the claims of the Class.

1.11. "Class Settlement Notice" refers to the form of direct-mail notice to Class Members in the form attached hereto as Exhibit 2, as may be modified by the Court.

1.12. "Class Representatives" refer to Plaintiffs Antonio Solis, Jose Solis, and Juan Rangel.

1.13. "Community Group" is defined as a group of people living in a specific geographical area or sharing a common characteristic or interest.

1.14. "Complaint" refers to all complaints that have been or will be filed in this Action.

1.15. "Effective Date" means the first business day after which all of the events and conditions specified in Section 12.1 have been met and have occurred.

1.16. "Final Approval Hearing" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court, approving the Settlement Agreement, and where the Court will determine the Fee Award.

1.17. "Final Judgment" means the judgment dismissing with prejudice the claims of Plaintiffs and the Settlement Class against Defendants and the order(s) granting final approval to the Settlement Agreement and determining the Fee Award.

1.18. "Gross Fund Value" refers to the maximum settlement payment the Defendants shall provide in this settlement, which is $12,250,000.00. This sum shall include all Individual Settlement Payments, the Court-approved Fee Award, Incentive Payments, and all Settlement Administration Expenses.

1.19. "Incentive Payments" shall refer to the payments to the Class Representatives described in Paragraph 4.3.

1.20. "Individual Settlement Payment" shall refer to the amount paid to a Class Member pursuant to the terms of this Agreement.

1.21.   "Net Fund Value" is a subset of the Gross Fund Value, which consists of the portion of the Gross Fund Value that remains following deduction of the Court-approved Fee Award, Incentive Payments, and Settlement Administration Expenses.

1.22.   "Notice" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibit 2, attached hereto.

1.23.   "Notice Date" means the date by which notice is complete, which shall be a date no later than 30 days after entry of Preliminary Approval.

1.24.   "Objection" refers to a timely objection to the Settlement that meets the requirements of Section 7, and its subparts, by a Settlement Class Member.

1.25.   "Objection/Exclusion Deadline" means the date by which a written, signed Objection to this Settlement Agreement or Request for Exclusion submitted and signed by a Class Member must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

1.26.   "Parties" refer collectively to Plaintiffs and Defendants.

1.27.   "Preliminary Approval" means the order preliminarily approving the Settlement Agreement, confirming certification of the Settlement Class, and approving the form of the Notice.

1.28.   "Preliminary Approval Order" means the proposed order preliminarily approving the Agreement, approving Notice and directing Notice to the Settlement Class, to

be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

1.29. "Released Claims" means all claims and other matters released in and by Section 5.1 of this Settlement Agreement.

1.30. "Released Parties" means jointly and severally, individually and collectively, the Defendants, their predecessors; successors; assigns; insurers; and any and all past, present, and future parents, owners, subsidiaries, divisions, departments, and affiliates, and all of their past, present, and future heirs, executors, devisees, administrators, officers, executives, directors, employees, consultants, stockholders, partners, general partners, lenders, members, investors, agents, attorneys, advisors, auditors, accountants, contractors, servants, employees, representatives, insurers, and assignees. For the avoidance of doubt the term Released Parties is to be given the broadest possible definition and application to effectuate the agreement of the Parties to fully and finally release all claims that arise out of, or are based upon or connected to, or relate in any way to the Action, the Settlement, the administration of the Settlement, the Demolition, or the conduct of the Defendants related to the Demolition.

1.31. "Releasing Parties" means Plaintiffs and the Settlement Class and each of their heirs, executors, estates, trustees, principals, beneficiaries, guardians, administrators, representatives, partners, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, agents, associates, attorneys, and/or anyone claiming through them or acting or purporting to act for them or on their behalf. For the avoidance of doubt the term Releasing Parties is to be given the

broadest possible definition and application to effectuate the agreement of the Parties to fully and finally release all claims that arise out of, or are based upon or connected to, or relate in any way to the Action, the Settlement, the administration of the Settlement, the Demolition, or the conduct of the Defendants related to the Demolition.

1.32. "Request for Exclusion" refers to a timely written, signed request to be excluded from the Settlement that meets the requirements of Section 8, and its subparts, by a Class Member.

1.33. "Settlement Administration Expenses" means the expenses reasonably incurred in administering the Settlement, including expenses relating to establishing, maintaining, and administrating the Qualified Settlement Fund, expenses relating to the Claims Administrator's providing Notice, and providing payment to Settlement Class Members.

1.34. "Claims Administrator" means Simpluris, selected by the Plaintiffs and approved by the Court, who shall provide Notice to the Class, and process and pay the Individual Settlement Payments to Settlement Class Members, and the Court-approved Fee Award, as set forth in this Agreement.

1.35. "Settlement Class" refers to all Class Members who do not submit a timely and valid Request for Exclusion. A "Settlement Class Member" is an individual member of the Settlement Class.

1.36. "Qualified Settlement Fund": Within fourteen (14) days of the Effective Date, Defendants or their insurers shall transfer the Gross Fund Value to the Claims Administrator. All funds held by the Claims Administrator at any time shall be

deemed to be a Qualified Settlement Fund as described in Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1. The Claims Administrator shall pay all claims to Settlement Class Members, Settlement Administration Expenses, and any Court-approved Fee Award from the Qualified Settlement Fund.

**2.      Establishment of the Gross Fund Value.**

2.1.    In settlement of the Class claims, the Defendants or their insurers shall pay the Gross Fund Value of $12,250,000.00 to the Claims Administrator within fourteen (14) days of the Effective Date. This amount is non-reversionary. For the avoidance of doubt, Defendants' liability under this Agreement is $12,250,000.00, inclusive of Class Counsel's Fee Award, the Incentive Payments, and the Settlement Administration Expenses. After the Qualified Settlement Fund is funded, the Releasing Parties shall look solely to the Qualified Settlement Fund for settlement and satisfaction, as provided herein, of all Released Claims for which the Released Parties are released by the Releasing Parties pursuant to this Agreement.

2.2.    It is understood and agreed that no consideration or amount or sum paid, credited, offered, or expended by Defendants in performance of this Agreement constitutes a penalty, fine, punitive damages, or other form of assessment for any alleged claim or offense.

**3.      Calculation of the Net Fund Value and Distribution of Settlement Proceeds.**

3.1.    Subject to final approval of this Agreement by the Court, each Settlement Class Member shall be entitled to a share of the Net Fund Value in accordance with the following formula:

3.1.1. Members of the Property Class who submit a valid Claim Form that includes receipts or other proof of injury to their property on April 11, 2020, shall be entitled to reimbursement of the expenses they have incurred as shown by the proof they submit. The Agreement allocates up to $1,000,000 to the Property Class;

3.1.2. Members of the Personal Injury Class who submit a valid Claim Form shall be entitled to a *pro rata* share of the remaining amount of the Net Fund Value, which Proposed Class Counsel estimates to be approximately $7,000,000;

Any funds that are allocated to the Property Class and not needed to satisfy claims for members of the Property Class shall be re-allocated to the Personal Injury Class and distributed on *pro rata* basis to members of the Personal Injury Class who submit valid claims. If the total valid Property Class claims exceed $1,000,000, such claims will be reduced on a *pro rata* basis.

3.2. Plaintiffs (in both their individual capacities and as Class Representatives) acknowledge they have not relied on any statements or representations by the Defendants or Proposed Class Counsel with respect to the tax treatment of payments described in this paragraph, and they and the Settlement Class Members are solely responsible for any tax payments that might be required from them under the law (if any). In the event any taxing body determines the amounts should have been withheld from any payment (or portion thereof) provided for in this Section 3, Plaintiffs and Settlement Class Members acknowledge and assume all responsibility for the payment of any such taxes. The settlement referenced herein

is for Plaintiffs and Class Members' claims, which as alleged include physical and emotional injury and emotional distress and mental anguish.

3.3.    The Claims Administrator shall pay from the Qualified Settlement Fund the Individual Settlement Payments to Settlement Class Members (or their estates in the event of their death). Payments will be made within sixty (60) days of the Effective Date.

3.4.    To the extent that payments are made by check, the check will remain negotiable for one-hundred-fifty (150) calendar days from its issuance and will thereafter become null and void unless cashed within one-hundred-fifty (150) days after the date of issuance.

3.5.    The Claims Administrator shall redistribute the funds from any uncashed checks from Class Members in either the Property Class or the Personal Injury Class to other Settlement Class Members in the Personal Injury Class on a *pro rata* basis in a second round of payments if sufficient funds exist to make such a payment practicable. If there are insufficient funds to make a second payment to class members, then any remaining funds shall be distributed to an appropriate *cy pres* recipient selected by the Class Representatives and Class Counsel and approved by the Court. If there are sufficient funds for a second payment to Class Members, such payment shall be made within thirty (30) days after the initial stale date. The Claims Administrator shall redistribute any uncashed checks from the second round of payments made in accordance with this Agreement to an appropriate *cy pres* recipient selected by the Class Representatives and Class Counsel. If any funds will

be distributed to a *cy pres* recipient, the Parties will seek Court approval for any such distribution.

**4.    Attorneys' Fees, Costs, and Incentive Awards.**

4.1.    Defendants or their insurers shall pay to Class Counsel reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendants, to limit their request for attorneys' fees to one-third (33.33%) of the Fund Value after administrative expenses, litigation expenses, and Incentive Awards ("Maximum Fee Request"). Payment of the Fee Award shall be made from the Qualified Settlement Fund. Nothing in this Agreement shall require Class Counsel to seek the Maximum Fee Request.

4.2.    Class Counsel shall be paid the Fee Award, in an amount determined by the Court, from the Qualified Settlement Fund. Payment of the Fee Award shall be made by the Claims Administrator via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

4.3.    In addition to any payment to which they may be entitled under this Agreement on account of an Approved Claim, and in recognition of the time and effort they expended on behalf of the Settlement Class, subject to the Court's approval, the Class Representatives shall be paid from the Qualified Settlement Fund an incentive award in the total amount of five-thousand dollars ($5,000) each. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Qualified

Settlement Fund to be distributed to Settlement Class Members with Approved Claims.

**5.**      **Release, Dismissal, Covenant Not to Sue, and Enforcement.**

5.1.     <u>Release</u>: On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Releasing Parties, including Plaintiffs and each Settlement Class Member, will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Parties from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees or costs (including any attorneys' fees or costs incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them), losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, and matured or not matured that arise out of, or are based upon or connected to, or relate in any way to the Action, the Settlement, the administration of the Settlement, the Demolition, or the conduct of the Defendants related to the Demolition. (the "Release"). The Release shall be included as part of the Final Approval Order and Final Judgment so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion. The Release shall constitute and may be pled as a complete defense to any proceeding filed by any Settlement Class Member or Plaintiff arising from, relating to, or filed in connection with the Released Claims. In the event any Settlement Class Member attempts to prosecute

an action in contravention of the Final Approval Order and Final Judgment or the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and the Final Approval Order and Final Judgment to such Settlement Class Member and advise such Settlement Class Member of the Release provided pursuant to the Settlement Agreement.

5.2.    <u>Dismissal</u>: Subject to Court approval, as of the Effective Date, Plaintiffs and all Settlement Class Members shall be bound by this Settlement Agreement and the Release, and all of the Released Claims shall be dismissed with prejudice and released.

5.3.    <u>No Attorneys' Liens</u>: Class Counsel represent and warrant that they have no attorneys' liens with any Plaintiff and/or Settlement Class Member.

5.4.    <u>Covenant Not to Sue</u>: The Releasing Parties covenant not to sue or otherwise seek to establish liability against the Released Parties for any transaction, event, circumstance, action, failure to act, or occurrence of any sort or type arising out of or relating to the Released Claims, including, without limitation, seeking to recover damages relating to any of the Released Claims. This Paragraph shall not apply to any action to enforce this Settlement Agreement.

5.5.    <u>Subrogated Interests or Liens</u>: The Released Claims includes any subrogated interests or liens that are in any way related to the claims of any Settlement Class Member. It is understood and agreed the Release is intended to forever discharge any and all subrogated interests or liens and the Settlement Class Members agree to defend, indemnify, and hold the Released Parties harmless from any and all

claims, actions, and liability whatsoever, including any attorney fees or costs which might arise from any unpaid or unsatisfied subrogated interest or lien.

5.6.    <u>Enforcement of Release</u>. Notwithstanding any other provision of this Agreement, nothing in this Agreement will prevent the Released Parties from pleading this Settlement Agreement as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims and may be filed, offered, and received into evidence, and otherwise used for such defense.

## 6.    Class Notice.

6.1.    Upon entry of the Preliminary Approval Order, the Claims Administrator shall cause the Notice describing the Final Approval Hearing and the terms of the compromise embodied in this Settlement Agreement, to be disseminated to the Class Members as provided herein. Such notice shall comport with Due Process and Federal Rule of Civil Procedure 23, the costs of which shall be included in the Settlement Administration Expenses.

6.2.    The Notice shall include:

6.2.1.    *Direct Notice*. No later than the Notice Date, the Claims Administrator shall send Notice to all Class Members, substantially in the form attached as Exhibit 2, via first-class U.S. Mail through a postcard to those Class Members whose physical address is reasonably obtainable. The Claims Administrator intends to compile the list for Direct Mail Notice by purchasing names and addresses of households during the class periods in the relevant geographic area for the Property Class and the Personal Injury

Class as defined in Section 1.7 of this Agreement. In addition to mailed notice, the Claims Administration may also, but is not required to, provide direct notice through other means, such as door to door placement of printed notice in the relevant geographic area.

6.2.2. *Publication Notice*. No later than the Notice Date, the Claims Administrator shall implement a media plan consisting of a press release, publication of the notice in newspapers, and digital media programmatically targeted to Adults 18+ in the Chicago, IL metro area.

6.2.3. *Settlement Website*. No later than the Notice Date, the Claims Administrator shall establish a bilingual case website in English and Spanish that will contain relevant case documents (including the Notice), important dates, answers to frequently asked questions, and will allow class members to file claims online. The Notice on the settlement website shall be substantially in the form of Exhibit 3 attached hereto.

6.3. The Notice shall advise the Class of their rights under the Settlement, including the right to be excluded from the Settlement, comment upon and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if the person making an objection shall, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, file notice of their intention to do so and at the same time (a) file copies of such papers they propose to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers through

the Court's CM/ECF system if the objection is from a Class Member represented by counsel, who also must file an appearance, and (c) send copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defendants' counsel.

6.4.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), the Claims Administrator will provide notice to the appropriate state and federal officials. The Claims Administrator shall cause to be filed with the Court proof of service of the required CAFA notices.

**7.     Objections to Settlement**

7.1.     Any Settlement Class Member who intends to object to this Settlement Agreement must file with the Court and serve a written objection to the Settlement on Class Counsel and Defendant's Counsel.

7.2.      Any such Objection must (i) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof or an attestation that the Settlement Class Member is a member of the Settlement Class; (iv) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) set forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, if any, along with documentation setting forth

such representation; and (ix) contain a list, including case name, court, and docket number, of all other cases in which the objecting Settlement Class Member and/or the objecting Settlement Class Member's counsel has filed an objection to any proposed class action settlement in the past three (3) years.

7.3.    Objections must be filed with the Court and served on Class Counsel and Defendants' Counsel no later than the Objection/Exclusion Deadline.

7.4.    Class Counsel and Defendants' Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing.

7.5.    An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court by the Objection/Exclusion Deadline.

7.6.    If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, they must also identify: (i) the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing by including counsel's name, address, phone number, email address, the state bar(s) to which counsel is admitted, as well as associated state bar numbers; (ii) any witnesses they may seek to call to testify (including the Settlement Class Members) at the Final Approval Hearing; and (iii) all exhibits they intend to seek to introduce into evidence.

7.7.    Any Settlement Class Member who fails to timely file and serve an Objection and notice, if applicable, of his or her intent to appear at the Final Approval Hearing in

person or through counsel pursuant to this Settlement Agreement, as detailed in the Notice, and otherwise as ordered by the Court, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Section 7.

**8.    Written Exclusion for Opt-Outs from Settlement Class**

8.1.    Subject to Court approval, each Class Member wishing to opt out of the Settlement Class shall have the right to exclude themselves from the Settlement Class pursuant only to the procedure set forth in this Agreement. Each Class Member wishing to opt out of the Settlement Class (or a representative of the Class Member's estate in the event the Class Member is deceased) shall individually sign and timely submit written notice of such intent to the designated Post Office box or email address established by the Claims Administrator. The written notice must clearly identify the individual Person wishing to opt out of the Settlement Class and must manifest the Person's intent to opt out of the Settlement Class. To be effective, written notice must be postmarked no later than the Objection/Exclusion Deadline. "Mass" or "class" requests for exclusion shall not be allowed.

8.2.    Subject to Court approval, a Request for Exclusion that does not comply with all of the provisions set forth in the Notice will be invalid, and the Class Member serving such an invalid request shall be deemed a Settlement Class Member of the

applicable Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment.

8.3.    Within seven (7) days after the Objection/Exclusion Deadline, the Claims Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusion. Class Counsel may present to the Court the number of Opt-Outs (if any).

8.4.    All Class Members who submit valid and timely Requests for Exclusion, as set forth in this Section 8, referred to herein as "Opt-Outs," shall not be permitted to file an Objection with the Court or receive any benefits of or be bound by the terms of this Settlement Agreement. Defendants reserve their legal rights and defenses, including, but not limited to, any defenses relating to whether any Opt-Out has standing to bring a claim against Defendants or the timeliness of any such claim. All members of the Class who do not opt out of the Settlement Class in the manner set forth in this Section 8 shall be bound by the terms of this Settlement Agreement and judgment entered thereon.

**9.      Settlement/Claims Administration.**

9.1.    To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. A Claim Form shall be submitted (1) online via the Settlement Website; (2), by U.S. mail and must be postmarked no later than the Claim Deadline, or (3) by other methods authorized by the Claims Administrator.

9.2.    The Claims Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by paying the Individual Settlement

Payments in a rational, responsive, cost effective, and timely manner. The Claims Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Claims Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendants' counsel upon request. The Claims Administrator shall also provide reports and other information to the Court as the Court may require. The Claims Administrator shall provide Class Counsel and Defendants' counsel with information concerning the Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator, including a report of all amounts paid to each Settlement Class Member. Without limiting the foregoing, the Claims Administrator shall:

9.2.1.  Receive Requests for Exclusion and other requests from the Class and promptly provide a copy of such requests to Class Counsel and Defendants' counsel upon receipt ("the Opt-Out List"). If the Claims Administrator receives any Requests for Exclusion or other requests from the Class after the Objection/Exclusion Deadline, the Claims Administrator shall promptly provide copies thereof to Class Counsel and Defendants' counsel.

9.2.2.  Provide timely reports to Class Counsel and Defendants' counsel, including without limitation, reports regarding the number of Requests for Exclusion and Objections.

9.2.3.  Make available for inspection by Class Counsel or Defendants' counsel any correspondence or other documents received by the Claims Administrator at any time upon reasonable notice.

9.3.    In the exercise of its duties outlined in this Agreement, the Claims Administrator shall have the right to reasonably request additional information from the Parties or any Class Member.

9.4.    The Claims Administrator shall employ reasonable procedures to screen claims for abuse or fraud, including, where applicable, by reviewing the evidentiary proof submitted by Settlement Class Members. The Claims Administrator shall reject a Claim Form, or any part of a claim for a payment reflected therein, if the Claims Administrator makes a determination that claim is the subject of abuse or fraud. The Claims Administrator shall also reject a Claim Form that does not contain all requested information necessary to screen the claim for fraud or abuse, after giving the claimant a reasonable opportunity of no greater than twenty (20) days to provide any requested missing information. The Claims Administrator shall notify the claimant regarding the missing information via email, telephone call or direct mail, whichever is the most practical based on the information provided in the Claim Form. The validation of all Claim Forms by the Claims Administrator shall occur no later than fourteen (14) days after the Effective Date and the Claims Administrator shall give notice of such validation to counsel on that date.

9.5.    Defendants and Defendants' counsel shall have no liability or responsibility whatsoever for any acts, errors, or omissions of the Claims Administrator or for any investment in or distribution from the Qualified Settlement Fund.

9.6.    The Final Approval Hearing shall be set for a date no less than ninety (90) days after the Notice described in Paragraph 7.1 is disseminated.

**10.    Termination of Settlement.**

10.1.    Subject to Section 10.2 below, the Plaintiffs, on behalf of the Class, or Defendants, shall have the right to terminate this Settlement Agreement by providing written notice of its election to do so to all other Parties hereto if:

10.1.1. The Court's refuses to grant Preliminary Approval of this Agreement;

10.1.2. The Court's refuses to grant final approval of this Agreement;

10.1.3. The Court does not certify the Class in accordance with the Class definition in this Agreement;

10.1.4. The Court refuses to enter the Final Judgment or otherwise dismiss with prejudice the claims of Plaintiffs and the Settlement Class against Defendants;

10.1.5. The Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or

10.1.6. In addition to the grounds set forth above, if Settlement Class Members properly and timely submit Requests for Exclusion from the Settlement Class as set forth in Section 8, thereby becoming Opt-Outs, and are in a number more than indicated in a separate agreement reached by the Parties that the Parties will seek leave to file under seal, then Defendants shall have the sole option to withdraw from and terminate this Settlement Agreement.

10.2.    If this Settlement Agreement is terminated or disapproved in whole or in part, or if the Effective Date should not occur for any reason, then the Parties' request for

certification of the Settlement Class will be withdrawn and deemed to be of no force or effect for any purpose in this or any other proceeding. In that event, Defendants reserve the right to assert any and all objections and defenses to certification of a class, and neither the Settlement Agreement nor any order or other action relating to the Settlement Agreement shall be offered by any Person as evidence in support of a motion to certify a class for a purpose other than settlement.

**11.     Preliminary Approval Order and Final Approval Order.**

11.1.     Promptly after the execution of this Settlement Agreement, Proposed Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

11.1.1. Preliminarily approve this Agreement for purposes of disseminating notice to the Settlement Class;

11.1.2. Approve the form and contents of the Settlement Class Notice and Claim Form for dissemination to the Settlement Class, as well as the method of its dissemination to members of the Settlement Class; and

11.1.3. Schedule a Final Approval Hearing to review the Objections, to consider the Agreement's fairness, reasonableness and adequacy, and the application for a Fee Award, and to consider whether the Court shall issue a Final Judgment approving this Agreement, granting Class Counsel's application for the Fee Award, and dismissing the Released Claims with prejudice.

11.2.    After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

11.2.1. Find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached exhibits;

11.2.2. Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties, relating to the Released Claims;

11.2.3. Find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil

Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

11.2.4. Find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

11.2.5. Dismiss the Released Claims on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

11.2.6. Incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

11.2.7. Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) that (1) shall be consistent in all material respects with the Final Judgment, and (2) do not limit the rights of Settlement Class Members;

11.2.8. Without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

11.2.9. Incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

**12.** **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination.**

12.1.   The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

12.1.1. This Agreement has been signed by the Parties, Class Counsel, and Defendants' counsel;

12.1.2. The Court has entered the Preliminary Approval Order;

12.1.3. The Court has entered an order finally approving the Settlement Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure;

12.1.4. The Court has certified the Class in accordance with the Class definition in this Agreement;

12.1.5. The Court has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

12.1.6. The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become Final.

12.2.   If some or all the conditions specified in Paragraph 12.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 10.1, unless Class Counsel and Defendants' Counsel mutually

agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other Parties. Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Class Counsel set forth above, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

12.3.   If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 10.1, 12.1, or 12.2 above, no party will be estopped as a result of the termination, and the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into and, pursuant to Paragraph 13.4 below, this Agreement shall not be used for any purpose whatsoever against any of the Parties.

**13.    Miscellaneous Provisions.**

13.1.   The Parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry of

an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

13.2.    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand, relating to claims arising from the demolition of the smokestack at the former Crawford Coal Plan on April 11, 2020. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants, or each of any of them, in bad faith or without a reasonable basis.

13.3.    The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

13.4.    Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

13.4.1. Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been

asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

13.4.2. Is, may be deemed, or shall be used, offered or received against the Defendants as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

13.4.3. Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

13.4.4. Is, may be deemed, or shall be used, offered or received against the Released Parties, or each of any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement (and for no other purpose).

13.4.5. Is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each of any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

13.4.6. Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

13.5. The terms of the Settlement Agreement are and shall be binding upon and enforceable by, to the fullest extent possible, each of the Releasing Parties and the Released Parties, including but not limited to any past, present, and future heirs, executors, devisees, administrators, officers, executives, employees, consultants, directors, stockholders, partners, general partners, lenders, investors, members, agents, attorneys, advisors, auditors, accountants, contractors, servants, employees, representatives, insurers, and assignees, claiming any interest in the subject matter hereto through any of the Parties, Releasing Parties, or Released Parties, including any Settlement Class Members.

13.6. Class Representatives and Defendants agree not to publicly disparage, criticize, or denigrate any opposing Party (individually or collectively) by making statements

that the Settlement Agreement or the Action demonstrated wrongdoing by Released Parties, or by stating that this action was frivolous at any meetings organized by any Community Group or Association concerning the allegations, claims, or defenses raised in this Action. Damages resulting from a finding of a breach of this provision will be limited to no more than the Individual Settlement Payment as defined in this Settlement Agreement.

13.7.    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

13.8.    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

13.9.    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

13.10.   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

13.11.   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

13.12.   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

13.13.   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

13.14.   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

13.15.   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

13.16.   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms'-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

13.17.  Where this Settlement Agreement requires notice to the Parties, such notice shall

be sent to the undersigned counsel:

**If to Plaintiffs' Counsel:**              **If to Defendants' Counsel:**
Scott Rauscher                              Bradley Weidenhammer
Loevy & Loevy                               Brendan Ryan
311 N. Aberdeen St., 3d Floor               Kirkland & Ellis LLP
Chicago, IL 60607                           300 N. LaSalle
scott@loevy.com                             Chicago, IL 60618
                                            bweidenhammer@kirkland.com
                                            brendan.ryan@kirkland.com

                                            Edward DeVries
                                            Wilson Elser LLP
                                            55 West Monroe, Ste. 38
                                            Chicago, IL 60603
                                            edward.devries@wilsonelser.com

                                            Scott Pfeiffer
                                            Andrew Rice
                                            Cray Huber Hortsman
                                            Heil & VanAusdal LLC
                                            303 W. Madison, Suite 220
                                            Chicago, IL 60606
                                            sdp@crayhuber.com
                                            apr@crayhuber.com

                                            Thomas Lyman
                                            Amundsen Davis LLC
                                            150 North Michigan Avenue
                                            Suite 3300
                                            Chicago, Illinois 60601
                                            tlyman@amundsendavislaw.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**On Behalf of Plaintiffs and the Settlement Class:**

Antonio Solis, individually and on behalf of the Settlement Class,

Dated: ___04 DEC 2023___      By: ___Antonio Solís_____

Jose Solis, individually and on behalf of the Settlement Class,

Dated: _____      By: _____

Juan Rangel, individually and on behalf of the Settlement Class,

Dated: _____      By: _____

Dated: _____      By: _____

LOEVY & LOEVY

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to

be executed, by their duly authorized attorneys.

**On Behalf of Plaintiffs and the Settlement Class:**

Antonio Solis, individually and on behalf of the Settlement Class,

Dated: _____    By: _____

Jose Solis, individually and on behalf of the Settlement Class,

Dated: 04 Dec 2023    By: José solis _____

Juan Rangel, individually and on behalf of the Settlement Class,

Dated: _____    By: _____

Dated: _____    By: _____

LOEVY & LOEVY

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**On Behalf of Plaintiffs and the Settlement Class:**

Antonio Solis, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

Jose Solis, individually and on behalf of the Settlement Class,

Dated: _____          By: _____

Juan Rangel, individually and on behalf of the Settlement Class,

Dated: 12-4-23          By: Juan Rangel _____

Dated: _____          By: _____

LOEVY & LOEVY

**On Behalf of Defendants:**

Hilco Redevelopment, LLC, HRP Crawford, LLC, and HRP Exchange 55, LLC,

Dated: ___12/04/2023___       By: _____

Anne R. Garr, Assistant Secretary

MCM Management Corp.,

Dated: _____       By: _____

Controlled Demolition, Inc.,

Dated: _____       By: _____

Marine Technology Solutions, LLC,

Dated: _____       By: _____

**On Behalf of Defendants:**

Hilco Redevelopment, LLC, HRP Crawford, LLC, and HRP Exchange 55, LLC,

Dated: _____          By: _____

MCM Management Corp.,

*Craig Sickmiller*

Dated: __12/1/2023_____          By: _____Craig Sickmiller, CFO

Controlled Demolition, Inc.,

Dated: _____          By: _____

Marine Technology Solutions, LLC,

Dated: _____          By: _____

**On Behalf of Defendants:**

Hilco Redevelopment, LLC, HRP Crawford, LLC, and
HRP Exchange 55, LLC,

Dated: _____          By: _____

MCM Management Corp.,

Dated: _____          By: _____

Mark Loizeaux, President-Controlled Demolition, Inc.,

Dated: _December 4, 2023_          By: _____

Marine Technology Solutions, LLC,

Dated: _____          By: _____

40

**On Behalf of Defendants:**

Hilco Redevelopment, LLC, HRP Crawford, LLC, and HRP Exchange 55, LLC,

Dated: _____          By: _____

MCM Management Corp.,

Dated: _____          By: _____

Controlled Demolition, Inc.,

Dated: _____          By: _____

Marine Technology Solutions, LLC,

Dated: 12/04/23          By: _____

# EXHIBIT 1 TO SETTLEMENT AGREEMENT

## "CLAIM FORM"

## CRAWFORD COAL PLANT SMOKESTACK DEMOLTION CLAIM FORM

**Instructions:** Fill out the top section of this form, choose Option One if you were present in the Class Boundaries on April 11, 2020, Option Two if your real or personal property was damaged as a result of the demolition of the smokestack demolition on April 11, 2020, or both if you qualify for both categories. Then sign where indicated. **If you submit a claim for property damage, you must provide proof**. Accepted proof may include a detailed description of the type and amount of damage to your property, or receipts showing the amount of damage. You may submit pictures to help document the damage to your property.

| **First Name** | | **Last Name** | |
|---|---|---|---|
| **Street Address** | | | |
| **City** | | **State** | **ZIP Code** |
| **Telephone Number** | | | |
| **Address as of April 11, 2020 (If different than current address)** | | **Email Address** | |

**YOU MUST PROVIDE ALL OF THE INFORMATION ABOVE AND <u>SIGN</u> THIS CLAIM FORM.
YOUR CLAIM FORM MUST BE <u>POSTMARKED OR SUBMITTED ONLINE</u> BY [<mark>CLAIMS DEADLINE</mark>], 2024.**

☐ **<u>Option One (personal injury claim)</u>**: I affirm that I was present within the Class Boundaries on April 11, 2020.

☐ **<u>Option Two (property damage claim)</u>:** I affirm that my real or personal property was damaged as a result of the smokestack demolition on April 11, 2020, in the amount of $_____. I affirm that the following description of the damaged property is true and accurate:

_____
_____
_____
_____
_____

*If available, please attach any documentation that supports your description of property damage, such as receipts and pictures.*

By submitting this Claim Form, I declare, under penalty of perjury under the laws of the United States of America, that I believe I am a member of the Settlement Class, that the information provided above is true to the best of my knowledge, and any proof attached is true and accurate.

Signature: _____ Date (MM-DD-YY): ____ - ____ - ____

# EXHIBIT 2 TO SETTLEMENT AGREEMENT

# POSTCARD NOTICE

<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS</u>

*Solis, et al. v. Hilco Redevelopment LLC, et al.*, No. 20-cv-02348 (N.D. Ill.)

**If you or your property were impacted by the demolition of the smokestack at the former Crawford Coal Plant in Chicago's Little Village neighborhood in April 2020, you may be entitled to a cash payment:**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

A proposed settlement has been reached in a class action lawsuit claiming that Hilco Redevelopment, LLC, HRE Crawford, LLC, and HRP Exchange 55, LLC (collectively, "Hilco"), MCM Management Corp., Controlled Demolition, Inc., and Marine Technology Solutions LLC ("Defendants") acted improperly and caused damage when they demolished a smokestack on April 11, 2020, at the former Crawford Coal Plant, which was located at 3501 S. Pulaski Rd., Chicago, IL 60623. The settlement doesn't decide who is right, but rather is a compromise to end the lawsuit and avoid the uncertainties and costs associated with a trial.

## Why am I being contacted?

The settlement allows individuals who were present, or owned real or personal property within the following boundaries on April 11, 2020 to file a claim for payment from the settlement: from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue. These boundaries are known as the Class Boundaries.

Our records indicate that you may have lived in or owned real or personal property within the Class Boundaries on April 11, 2020, and therefore you may have the right to share in the settlement.

More information about the calls and the settlement is available at [case website].

## What can I get out of the settlement?

If the Court approves the settlement, Class Members who submit valid claims will receive a cash payment from the Settlement Fund. The Settlement Fund is $12,250,000. The settlement provides for two separate Classes. One is for individuals who were present in the Class Boundaries on April 11, 2020, and therefore are presumed to have suffered personal injuries. The second is for individuals who file a valid claim for damage to their real or personal property, and are entitled to recover the value of the actual documented damages, subject to a pro rata reduction if the total amount of property claims exceed $1,000,000. Individuals who file valid personal injury claims will be paid a pro rata share of the remaining funds available to the class, which are estimated to be at least $7,000,000.

## How do I get my payment?

You just need to complete and verify a short and simple Claim Form, which is attached and available here [link]. The Claim Form has two options. Select the first option if you want to file a claim for personal injury. The claim form does not require additional proof to recover for personal injury. Select the second option if want to file a claim for property damage. You will need to provide some evidence to support your claim for property damage, such as receipts or a detailed description of the property damage. If your property was damaged and you also qualify for a personal injury claim, you may select both options. You

may later be asked to provide additional documents or information to support your claim. ***All Claim Forms must be received by [Claims Deadline].***

You may also submit a claim form in person at a community outreach event. Please call [800 number] or check the Class website, [case website], for details about when and where these events will take place.

The Class website also has more information about the timing for payment of claims.

### What are my options?

You can do nothing, submit a Claim Form, comment on or object to any of the Settlement terms, or exclude yourself from the Settlement. If you do nothing or submit a Claim Form, you won't be able to sue Defendants in a future lawsuit about the claims resolved in the Settlement. If you exclude yourself, you won't get a payment but you'll keep your right to sue Defendants on the issues the Settlement resolves. You must contact the Claims Administrator by mail to exclude yourself. You can also object to the Settlement if you disagree with any of its terms. All Requests for Exclusion and Objections must be received by [exclusion/objection deadline]. Go to [case website] for complete details about all of your rights and options and how to exercise them.

### Who represents me?

The Court has appointed lawyers from the firm Loevy & Loevy to represent you as "Class Counsel." The lawyers will request to be paid from the Settlement Fund. You can hire your own lawyer, but you'll need to pay your own legal fees. Antonio Solis, Jose Solis, and Juan Rangel—class members like you—have been appointed by the Court as the "Class Representatives."

### When will the Court approve the settlement?

The Court will hold a final approval hearing on [date] at [time] before Judge [   ] in Courtroom [   ] of the Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, 60604. The Court will hear objections, determine if the settlement is fair, and consider Class Counsel's request for fees and expenses of up to $4,250,000 and incentive awards, which if granted, will be paid out of the Settlement Fund. Class Counsels' request for fees and an incentive award will be posted on [case website].

This notice summarizes the proposed Settlement. For the precise terms and conditions of the settlement, please see the Settlement Agreement available at [case website], contact Class Counsel at [#], through the Court's online electronic full case docket search at ecf.ilnd.uscourts.gov, or visit the office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St. Chicago, IL 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

# EXHIBIT 3 TO SETTLEMENT AGREEMENT

# LONG FORM NOTICE

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**If you or your property were impacted by the demolition of the smokestack at the former Crawford Coal Plant in Chicago's Little Village neighborhood in April 2020, you may be entitled to a cash payment:**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer. Please read this notice carefully and completely.*

## <u>WHAT THIS NOTICE IS ABOUT</u>

- This is to notify you of a proposed Settlement of a class action lawsuit. The lawsuit stems from the demolition of a smokestack on April 11, 2020, at the former Crawford Coal Plant, which was located at 3501 South. Pulaski Road, Chicago, Illinois 60623. The Defendants are Hilco Redevelopment, LLC, HRE Crawford, LLC, and HRP Exchange 55, LLC (collectively, "Hilco"), MCM Management Corp., Controlled Demolition, Inc., and Marine Technology Solutions LLC ("Defendants").

- The Defendants have agreed to pay $12,250,000 to settle this lawsuit. This money will be used to pay Class Members, and to pay for attorneys' fees, costs, and other expenses. The settlement doesn't decide who is right, but rather is a compromise to end the lawsuit and avoid the uncertainties and costs associated with a trial.

- You are a Class Member and included in the Settlement if you were present or owned personal or real property in the following geographic area on April 11, 2020: 33rd & Kedzie, west to 33rd & Klibourn, north to Kilbourn & Cermak, east to Cermak & Ogden, northeast to Ogden & California, south to 26th St. & California, west to 26th St. & Sacramento, south to Sacramento & 31st St., west to 31st St. & Kedzie, south to 33rd & Kedzie. This area is referred to as the Class Boundaries and is shown on the included map.

- You may also scan this QR code to see the Class Boundaries map on your device:



- You have been identified as a potential Class Member. If you are a Class Member, you are entitled to submit a claim for a share of the Settlement.

- Please read this notice carefully. Your legal rights and options, **and the deadlines to exercise them**, are explained below. Your legal rights are affected, whether you act or don't act.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| WHAT YOU CAN DO | WHAT IT MEANS | DATE/DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a cash payment. If you submit a Claim Form, you *will* be bound by the terms of the Settlement. | [claim filing deadline] |
| **DO NOTHING** | You *will not* receive a cash payment, and you *will* be bound by the terms of the Settlement. | |
| **EXCLUDE YOURSELF** | If you ask to be excluded, you *will not* receive a cash payment under the Settlement and you *will not* be bound by the terms of the Settlement. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. | [no later than XY days after the notice date] |
| **OBJECT** | Remain a Class Member but write to the Court about why you don't like the Settlement. | [no later than XY days after the notice date] |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. | [date] |

The court in charge of this case must still decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

Page

**BASIC INFORMATION**
1. Why did I get this notice? ........................................................................................ 4
2. Why is this a class action? ...................................................................................... 4
3. What is this lawsuit about? ...................................................................................... 5
4. Why is there a Settlement? ...................................................................................... 5

**WHO IS IN THE SETTLEMENT**
5. How do I know if I am part of this Settlement? ...................................................... 5

**THE SETTLEMENT BENEFITS—WHAT YOU GET**
6. What does the Settlement provide? .......................................................................... 5
7. Ho much money will I receive from the Settlement? .............................................. 5
8. How do I make a claim? ........................................................................................... 6
9. Do I need to submit any records proving that I was injured? .................................. 6
10. When will I receive my cash payment? .................................................................. 6
11. What am I giving up if I get a cash payment under this Settlement? ..................... 6

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
12. How do I get out of the Settlement? ...................................................................... 7
13. If I exclude myself, can I get a cash payment from this Settlement? ..................... 7
14. If I don't exclude myself, can I sue Defendant for the same thing later? .............. 7

**THE LAWYERS REPRESENTING YOU**
15. Do I have a lawyer in this case? ............................................................................ 7
16. How will the lawyers be paid? ............................................................................... 7

**OBJECTING TO THE SETTLEMENT**
17. How do I tell the Court that I don't like the Settlement? ...................................... 8
18. What's the difference between objecting and excluding? ...................................... 8

**THE COURT'S FINAL APPROVAL HEARING**
19. When and where will the Court decide whether to approve the Settlement? ......... 8
20. Do I have to come to the hearing? ......................................................................... 9
21. May I speak at the hearing? ................................................................................... 9

**IF YOU DO NOTHING**
22. What happens if I do nothing at all? ...................................................................... 9

**GETTING MORE INFORMATION**
23. How do I get more information about the Settlement? ........................................... 9

## BASIC INFORMATION

| 1. Why did I get this notice? |
| --- |

A court authorized this notice to let you know about the proposed class action Settlement with the Defendants. Records indicate that you may have lived or owned property within the Class Boundaries as of April 2020.

You have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, a Claims Administrator approved by the Court will make the payments that the Settlement allows. This document explains the lawsuit, the Settlement, your legal rights, what monetary settlement amount is available, who is eligible for payment, and how to get it.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348. The people who sued are Plaintiffs, and the companies they sued are the Defendants.

| 2. Why is this a class action? |
| --- |

This is a class action lawsuit. In a class action, one or more people, called "Class Representatives," or "Class Plaintiffs"—in this case Antonio Solis, Jose Solis, and Juan Rangel—sue for their own benefit as well as for a group of other people with similar claims. Together, this group is called a "Class" and consists of "Class Members." One court resolves the issues for all Class Members, except those who exclude themselves from the lawsuit.

There are two Classes in this lawsuit, and they are defined as:

> All persons, property owners, lessees and businesses whose property received particulate matter from the Demolition and disposal of the smokestack at the Crawford Coal Plant and was located in the geographic area from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue (the "Property Class") ; and/or

> All persons present in the geographic area from 33rd St. and Kedzie Avenue, west to 33rd St. and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th St. and California Avenue, west to 26th St. and Sacramento Avenue, south to Sacramento Avenue and 31st St., west to 31st St. and Kedzie Avenue, south to 33rd St. & Kedzie Avenue during the Demolition (the "Personal Injury Class").

You may be a member of one or both Classes. You may review and copy all of the case documents in person at the office of the Clerk of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604. A copy of the Settlement agreement and the main case documents are available here: [class website].

### 3. What is this lawsuit about?

The lawsuit claims that the Defendants improperly carried out the demolition of a smokestack at the former Crawford Coal Plant, which was located at 3501 South Pulaski Road, Chicago, Illinois 60623, on April 11, 2020, causing damage to people and property in the surrounding area.

The Defendants deny those allegations, and deny that they violated the law. The court has not decided whether the Defendants did anything wrong. The Settlement is a compromise to end the lawsuit and avoid the uncertainties and costs associated with a trial. The Settlement is not an admission of wrongdoing by Defendants. More information about the lawsuit can be found in the "Court Documents" section of the settlement website at [class website].

### 4. Why is there a Settlement?

The Court has not decided the amount of money, if any, each Class Member should receive in this lawsuit. The Court has also not decided whether the Plaintiffs or the Defendants should win this case. Instead, Plaintiffs and Defendants have agreed to a Settlement. That way, they can avoid the uncertainty and expense of further litigation. The Class Representatives and their attorneys ("Class Counsel") think the Settlement is in the best interest of the Class.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of this Settlement?

You are a Class Member if you fit within the definition of one or both of the Classes set forth in Question 2, meaning that you were present in, or owned real or personal property in, the Class Boundaries on April 11, 2020.

If you are still not sure whether you are included in one or both of the Classes, you can call the Claims Administrator at [##] or you can get free help by calling the lawyers in this case at the phone number listed in Question 8.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6. What does the Settlement provide?

The Settlement provides for the creation of a $12,250,000 Settlement Fund to be paid in cash and distributed to the Class Members, as well as for attorneys' fees, costs, and settlement administration expenses. Class Members with approved claims will receive payments from the Fund.

### 7. How much money will I receive from the Settlement?

As a Class Member, you are entitled to receive a cash payment from the Settlement Fund if you submit a valid Claim Form before the claim deadline of [date]. The amount of money remaining after payment of attorneys' fees, costs, and settlement administration expenses is called the "Net Fund Value," which is the amount available to pay Class Members. An overview of the potential recovery for Class Members is provided below:

- o Class Members may file a claim to recover for personal injuries, property damage, or both. Individuals are entitled to submit a claim for personal injuries if they were present in the Class Boundaries on April 11, 2020.

- o Class Members may file a claim to recover for property damage if their real or personal property was damaged by Defendants' demolition of the smokestack on April 11, 2020. Class Members

who are filing claims for property damage must submit proof, whether by affidavit, receipts, or otherwise, showing the value of their property damage.

o Up to $1,000,000 has been set aside for satisfy claims for property damage. Class Members filing claims for property damage will be reimbursed for that damage based on the value of the damage to their property, subject to a pro rata reduction if the total value of property-damage claims exceeds $1,000,000.

o The remaining amount of the settlement fund, after attorneys' fees, costs, and expenses, has been set aside to satisfy personal injury claims. This amount is expected to be at least $7,000,000. Class Members who submit a claim for personal injury will receive a pro rata share of the personal-injury fund. The amount of money you are entitled to will depend on the type of claim you file and on the number of approved claims. It is expected that each Class Member will receive between approximately $[__-__] for personal injury claims, depending on the number of claims that are filed and approved. The actual payment may be more or less than the expected payment.

There will be at least one and possibly two rounds of payments. In the first round, payments will be distributed to Class Members by the Claims Administrator. If there are any payments that remain uncashed after 150 days from issuance, those payments will become null and void. Those funds will then be redistributed to other Class Members on a pro rata basis in a second round of payments. The Settlement Agreement explains the process in further detail. To get a copy, go to [class website].

## 8. How do I make a claim?

You may submit a Claim Form online at [insert URL to claim forms] or by requesting a paper Claim Form from the Claims Administrator. Finally, you may be able to submit a Claim Form in person at a community event. Please contact the Claims Administrator for more information about all of these options, including details about when and where community events will take place.

## 9. Do I need to submit any records proving that I was injured?

You do not need to submit any records other than your claim form to receive a payment as part of the Personal Injury Class.

If you are submitting a claim for property damage, you will need to submit information showing the value of the damage your property suffered as a result of the demolition of the smokestack on April 11, 2020. There are no specific requirements as to the type of proof that you must submit, but common examples include submitting under oath a detailed description of the damage, or receipts of repairs that you were required to make to your property. You may include pictures to help describe the damage. The Claims Administrator may seek additional proof beyond the initial submission of your Claim Form to validate and approve your claim.

## 10. When will I receive my cash payment?

The hearing to consider the fairness of the Settlement is scheduled for [FINAL APPROVAL DATE]. If the Court approves the Settlement, eligible Class Members whose claims were approved by the Claims Administrator will receive their cash payment on approximately [approximate payment date]. Any appeals will delay payments to Class Members.

## 11. What am I giving up if I get a cash payment under this Settlement?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 12. How do I get out of the Settlement?

You can ask to be excluded from the Settlement. To do so, you must send a letter stating that you want to be excluded from the Settlement in *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348 (N.D. Ill.). Your letter must include:

(1) your name and address, (2) a statement that you wish to be excluded from the Class, (3) the caption for this case, and (4) your signature. You must mail your exclusion request no later than **[objection / exclusion deadline]** to: [Simpluris address to be provided].

You can't exclude yourself on the phone or by email.

### 13. If I exclude myself, can I get a cash payment from this Settlement?

If you exclude yourself from the Settlement, you will not receive a cash payment under the Settlement. However, you will not be in the Settlement Class, which means that you will keep your right to start your own lawsuit against Defendants for the same legal claims made in this lawsuit. You will not be legally bound by the Court's judgments related to the Settlement Class and the Defendants in this lawsuit.

If you ask to be excluded, you should not submit a Claim Form,, and you cannot object to the Settlement.

### 14. If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims being resolved by this Settlement. If you do exclude yourself so you can start your own lawsuit against the Defendant, you should talk to your own lawyer soon, because your claims are subject to a statute of limitations.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The Court has appointed Loevy & Loevy to act as attorneys for all Class Members ("Class Counsel") in this case. You do not need to pay for Class Counsel's services. If you want to be represented by your own lawyer, you must hire them at your own expense. For example, you can hire a lawyer to appear in Court for you if you want someone other than Class Counsel to represent you.

### 16. How will the lawyers get paid?

Class Counsel will ask the Court to approve reimbursement of the out-of-pocket costs they have incurred in pursuing the Class claims, as well as attorneys' fee of up to 33.33% of the Settlement Fund (after expenses). The fees will compensate Class Counsel for investigating the facts, litigating the case, representing the Class at all stages of the case, including preparing for trial, and negotiating the Settlement. The Court may award less than the amount Class Counsel seeks.

Class Counsel will also ask for an incentive award of $5,000.00 each for Antonio Solis, Jose Solis, and Juan Rangel, because they are the Plaintiffs who brought this Lawsuit on behalf of all Settlement Class Members. Incentive awards are commonly granted by the Court to recognize the efforts of Plaintiffs in bringing and prosecuting lawsuits on behalf of others.

The Court has also approved a Claims Administrator to send notice to the Class and process and handle the payment of claims by Class Members. The costs for the Claims Administrator will be paid out of the Fund.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the court that I don't like the Settlement?

If you do not exclude yourself from the Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348, no later than [objection / exclusion deadline]. Your objection should be sent to the United States District Court for the Northern District of Illinois at the following address:

> Clerk of the United States District Court for the Northern District of Illinois
> Everett McKinley Dirksen United States Courthouse
> 219 S. Dearborn St.
> Chicago, IL 60604

If you are represented by a lawyer, the lawyer must file your objection on CM/ECF.

The objection must be in writing and include the case name *Solis, et al. v. Hilco Redevelopment LLC, et al.*, Case No. 20-cv-02348. Your objection must be personally signed and include the following information: (1) your name and current address, (2) the specific grounds for your objection, (3) all arguments, citations, and evidence supporting your objection, including copies of any documents you intend to rely on, (4) a statement that you are a Class Member, (5) the name and contact information of any and all attorneys representing you, advising, or in any way assisting you in connection with the preparation or submission of your objection or who may profit from the pursuit of your objection, and (6) a statement indicating whether you (or your counsel) intend to appear at the Final Fairness Hearing. If you are represented by a lawyer, they must file an appearance or seek pro hac vice admission to practice before the Court.

Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive awards for the Class Representatives on or before [date 2 weeks before objection deadline].

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the court decide whether to approve the Settlement?

The Court will hold the Final Fairness Hearing at [**time**] on [**date**] before the [JUDGE] in Courtroom [___] of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, and adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representatives.

<u>Note</u>: The date and time of the fairness hearing are subject to change by Court Order. Any changes will

be posted at the settlement website, [class website] or through the Court's online docket search at www.ecf.ilnd.uscourts.gov.

| **20. Do I have to come to the hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Question 13, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

| **21. May I speak at the hearing?** |
| --- |

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (see Question 13, above) and intend to appear at the hearing, you must state your intention to do so in your objection.

## IF YOU DO NOTHING

| **22. What happens if I do nothing at all?** |
| --- |

If you do nothing, you will not receive a cash payment under the Settlement, you will remain in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants for the claims or legal issues being resolved by this Settlement.

## GETTING MORE INFORMATION

| **23. How do I get more information about the Settlement?** |
| --- |

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at [class website], contact Class Counsel at [#], access the case documents through the Court's online electronic full case docket search at https://ecf.ilnd.uscourts.gov/, or visit the office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street Chicago, Illinois 60604, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS MATTER.**