UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO SOLIS, *et al.*, | ) |
| | ) No. 20 CV 2348 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Magistrate Judge Young B. Kim |
| HILCO REDEVELOPMENT LLC, *et al.*, | ) |
| | ) |
| | ) April 22, 2024 |
| Defendants. | ) |

FINAL CLASS SETTLEMENT APPROVAL ORDER

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees, Expenses, and Incentive Awards and Plaintiffs' Motion for Final Approval. The Court held a final approval hearing on April 22, 2024. The Court having considered the motions, it is hereby ORDERED:

1. Unless defined otherwise herein, all defined terms set out in the Class Action Settlement Agreement (the "Settlement Agreement," (R. 242-1)) and used in this Order shall have the same meaning and definition as provided by the Settlement Agreement.

2. This Court has subject matter jurisdiction over this case to approve the Settlement Agreement, including its exhibits, between Plaintiffs Antonio Solis, Jose Solis, and Juan Rangel (collectively, "Plaintiffs"), on the one hand, and Defendants Hilco Redevelopment, LLC, HRE Crawford, LLC, HRP Exchange 55, LLC, MCM Management Corp., Controlled Demolition, Inc., and Marine Technology Solutions, LLC (collectively, "Defendants"), on the other hand. The Court also has personal

1

jurisdiction over all Parties to the Action, including all members of the Settlement Classes, defined as:

    (a)    All persons, property owners, lessees and businesses whose property received particulate matter from the Demolition and disposal of the smokestack at the Crawford Coal Plant and was located in the geographic area from 33rd Street and Kedzie Avenue, west to 33rd Street and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th Street and California Avenue, west to 26th Street and Sacramento Avenue, south to Sacramento Avenue, and 31st Street, west to 31st Street and Kedzie Avenue, south to 33rd Street and Kedzie Avenue (the "Property Class"); and/or

    (b)    All persons present in the geographic area from 33rd Street and Kedzie Avenue, west to 33rd Street and Kilbourn Avenue, north to Kilbourn Avenue and Cermak Road, east to Cermak Road and Ogden Avenue, northeast to Ogden Avenue and California Avenue, south to 26th Street and California Avenue, west to 26th Street and Sacramento Avenue, south to Sacramento Avenue and 31st Street, west to 31st Street and Kedzie Avenue, south to 33rd Street and Kedzie Avenue during the Demolition (the "Personal Injury Class").

The Court presiding over this action and their family members, Defendants, members who properly opted out of the class pursuant to Federal Rule of Civil Procedure 23(e)(4), and counsel and their families are excluded from the Settlement Classes.

    3.    The notice to the Settlement Classes: (1) constituted the best notice practicable under the circumstances; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; (3) was reasonable and constitutes due, adequate and sufficient notice to all persons entitled

to receive notice; and (4) fully complied with the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

    4.    There were no objections to the Settlement.

    5.    The requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for settlement purposes for the following reasons: (a) the Settlement Classes are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the classes; (c) the claims of the Class Representatives are typical of the claims of the Settlement Classes; (d) the Class Representatives and Class Counsel fairly and adequately protected the interests of the classes, including by entering into and implementing the Settlement Agreement; (e) the questions of law or fact common to class members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Defendants.

    6.    The Settlement Classes described in Paragraph 2 of this Order are hereby certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

    7.    The Court finds that the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members. It is therefore approved.

    8.    The parties are directed to implement the terms of the Settlement Agreement.

9. In the event balance remains in the Settlement Fund as a result of uncashed checks or otherwise pursuant to Section 3.5 of the Settlement Agreement, no funds shall be distributed to a *cy pres* recipient without prior approval of the Court.

10. As identified in Addendum A to this Order, Maricela G. Cantu, Fernando Cantu Jr., Fanny D. Diego, Carmen A. Abaunza, Raul R. Montes, Jr., Kathryn Ramirez Mercado, Alejandro O. Abaunza, Joaquin O. Goldenberg, Celia Gomez, Maria G. Montes, Alexander N. Goldenberg, Kimberly R. Ramirez, and Rebecca Martinez, have filed valid requests to be excluded from the Settlement Class and the Settlement Agreement.

11. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Settlement Classes, other than the individuals identified in Addendum A, are "Settlement Class Members" and are bound by this Order.

12. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this Order fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

    A. "Releasing Parties" and the Settlement Class and each of their heirs, executors, estates, trustees, principals, beneficiaries, guardians, administrators, representatives, partners, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, agents, associates, attorneys, and/or anyone claiming through them or acting or purporting to act for them or on their behalf. For the avoidance of doubt the term "Releasing Parties" is to be given the broadest possible definition and application to effectuate the agreement of the Parties to fully and finally release all claims that arise out of, or are based upon or connected to, or relate in any way to the Action, the Settlement, the administration of the Settlement, the Demolition, or the conduct of the Defendants related to the Demolition.

B. "Released Parties" means jointly and severally, individually and collectively, the Defendants, their predecessors, successors, assigns, insurers, and any and all past, present, and future parents, owners, subsidiaries, divisions, departments, and affiliates, and all of their past, present, and future heirs, executors, devisees, administrators, officers, executives, directors, employees, consultants, stockholders, partners, general partners, lenders, members, investors, agents, attorneys, advisors, auditors, accountants, contractors, servants, employees, representatives, insurers, and assignees. For the avoidance of doubt the term "Released Parties" is to be given the broadest possible definition and application to effectuate the agreement of the Parties to fully and finally release all claims that arise out of, or are based upon or connected to, or relate in any way to the Action, the Settlement, the administration of the Settlement, the Demolition, or the conduct of the Defendants related to the Demolition.

C. "Released Claims" means all claims and other matters released in and by Section 5.1 of the Settlement Agreement.

13. The Settlement Agreement shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties, relating to the Released Claims.

14. Without further approval from the Court, the parties are authorized to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents that: (a) shall be consistent in all material respects with this judgment; and (b) do not limit the rights of Settlement Class Members.

15. The Court approves as fair and reasonable Class Counsel's motion for attorney's fees in the amount of $3,952,731.10—which represents 1/3 of the $12,250,000 class fund after subtracting incentive awards in the amount of $5,000 for

5

each Plaintiff, reimbursement of litigation expenses in the amount of $85,709.70, and settlement administration expenses in the amount of $291,097.[1]

16. Defendants or their insurers must transmit the Gross Fund Value to the Settlement Administrator by no later than May 6, 2024.

17. The Settlement Administrator must issue payments to all Class Members with valid claims by no later than June 21, 2024.

18. The Settlement Administrator must hold back $50,000 from the initial distribution of settlement payments to Class Members to allow for the consideration of further evidence that may be provided in support of claims for personal injury that were originally deemed by the Settlement Administrator as not valid. Any such evidence shall be considered in the order that it is received until the $50,000 is exhausted. If any part of the $50,000 is not exhausted by December 18, 2024, it shall be included in the second distribution to Class Members, if any, or included in the payment to the *cy pres* recipient referenced in the following Paragraph.

19. Class Counsel must file by December 20, 2024, a status report or a motion seeking permission for the Settlement Administrator to either make a second distribution to Class Members of any residual funds or, if a second distribution is not feasible, to distribute any remaining funds to a *cy pres* recipient. If a *cy pres* distribution is made at that time, a final accounting of the Settlement must be filed with the court by January 20, 2025. If instead a second distribution is made to Class

---

[1] The calculation is as follows: $12,250,000 (settlement amount) - $15,000 (incentive awards) - $85,709.70 (litigation expense) - $291,097 (class administration expense) / 3 = $3,952,731.10.

Members, then Class Counsel shall also recommend a date for filing a final accounting of the Settlement.

20. The Court hereby dismisses the Action without prejudice and without assessing fees or costs to any party except as awarded by the Court herein. However, any reinstatement of the Action, before the dismissal of the Action with prejudice, may be solely for purposes of enforcing the terms of the Settlement Agreement.

21. The Court retains jurisdiction with respect to this Settlement Agreement including issues relating to administration, enforcement, interpretation and implementation until the Action is dismissed with prejudice.

        **ENTER:**

        _____
        **Young B. Kim**
        **United States Magistrate Judge**

**Addendum A**

The Persons or entities listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1. Maricela Cantu
2. Fernando Cantu, Jr.
3. Fanny D. Diego
4. Carmen A. Abaunza
5. Raul R. Montes, Jr.
6. Kathryn Ramirez Mercado
7. Alejandro O. Abaunza
8. Joaquin O. Goldenberg
9. Celia Gomez
10. Maria G. Montes
11. Alexander N. Goldenberg
12. Kimberly R. Ramirez
13. Rebecca Martinez